[Civil No. 4202.    Filed November 12, 1940.]

[107 Pac. (2d) 205.]

C. W. PETERSON, JOHN A. FOOTE and GEORGE
FRYE as Members of and Constituting the Board
of Supervisors of Maricopa County, Arizona; ED
OGLESBY, as County Treasurer and Ex-officio
Tax Collector of Maricopa County, Arizona, and
MARICOPA COUNTY, ARIZONA, Appellants,
v. CENTRAL ARIZONA LIGHT AND POWER
COMPANY, a Corporation, Appellee.

232

Mr. Richard F. Harless, County Attorney, and Mr. Leslie C. Hardy, Deputy County Attorney, for Appellants.

Messrs. Armstrong, Kramer, Morrison, Roche & Duffy, for Appellee.

LOCKWOOD, J.—Central Arizona Light and Power Company, a corporation, hereinafter called plaintiff, filed an action in the superior court of Maricopa county for a declaratory judgment against the members of the board of supervisors, the county treasurer and the county itself, hereinafter called the defendants. Judgment was rendered for plaintiff, and defendants have appealed. The facts are very little in dispute, and may be stated as follows: Plaintiff is a corporation with its principal office in Phoenix. For the years 1933–34–35 the board of supervisors, hereinafter called the board, levied certain taxes upon plaintiff's property situated in the county. Plaintiff, being dissatisfied with the assessment and taxes for these years, protested them before the county and state boards of equalization because, as it was claimed, they were illegal, arbitrary and discriminatory, which protests were denied. In November, 1933, an attorney for plaintiff conferred with a deputy county attorney of the county and advised him that plaintiff intended to make a tender of the amount which it admitted to be due, in order to protect its rights in an injunction suit which it intended to file in the federal court. The deputy stated he would advise the county treasurer not to accept the amount tendered, as the law forbade him to accept less than the full installment of taxes due. Plaintiff's

attorney then proposed that it would pay the amount without prejudice to the county's right to collect the balance, or plaintiff's right to contest the validity of the proposed collection. The effect of chapter 60, of the Session Laws of 1933, was discussed with the deputy, and was stated by plaintiff to be the reason the tender was to be made without prejudice. Thereafter, and on November 6, 1933, and before the first installment of taxes for that year were delinquent, plaintiff tendered, in writing, to the county treasurer $97,381.45, which was $82,030.85 less than the taxes levied for that installment. This tender was rejected, on the ground that the amount tendered was less than the amount shown by the roll.

Subsequently plaintiff filed separate suits in the District Court of the United States, praying for an injunction against the collection of the taxes as levied. While the suit relating to the 1933 taxes was pending, and about May 3, 1934, an attorney for plaintiff conferred with a member of the state tax commission, an assistant attorney general, the county treasurer of Maricopa county, and a deputy county attorney of that county concerning the payment without prejudice of the amounts tendered in November, 1933, and April, 1934. As a result it was agreed that it should be stipulated that the United States district court might enter an order authorizing the county treasurer to accept the amounts tendered, without prejudice to either party, and a stipulation was duly entered into and the county treasurer accepted the amounts tendered from time to time' for the taxes for the three years in question, and gave his temporary receipt therefor. During the pendency of all these suits in the United States district court, defendants filed motions to dismiss, all of which were denied.

On August 31, 1937, plaintiff paid the balance of the taxes levied and assessed for each of the years in ques-

tion and which it had previously disputed, together with the statutory penalties thereon. This amount was paid in accordance with the statement rendered by the county treasurer's office, but it did not include any penalty computed upon the amounts which had been tendered and accepted subject to stipulation as above, from their respective tax installment delinquency dates. Shortly thereafter the suits in the federal court were dismissed. After these payments had been made, the board demanded payment by the plaintiff of the statutory penalties on the amounts tendered without prejudice, but plaintiff denied that any further amount was due from it. No action to collect the penalties having been brought by defendants, plaintiff instituted this action, praying for a declaratory judgment to determine whether the penalties were due.

The first question for our consideration is whether a declaratory judgment will lie in a case of this nature. Our declaratory judgment statute, being section 4385, Revised Code of 1928, so far as material to this case, reads as follows:

*"Declaratory judgments authorized; form and effect.* Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed, and the action shall not be open to the objection that a declaratory judgment only is prayed for. The judgment may be either affirmative or negative, and has the force and effect of a final judgment, subject to appeal as in other actions.''

It is urged by defendants that at the time plaintiff made the tender of the amounts on which a penalty is now sought to be collected, it had an adequate remedy by paying the taxes involved, under protest, and appealing to the superior court to litigate the correctness of the valuation placed on its property, under sections 3090 and 3065, Revised Code of 1928, or it might have paid them under protest and sued to col-

lect the back taxes illegally assessed, under section 3136, Revised Code of 1928, and that a declaratory judgment action does not lie in such circumstances.

■ We are of the opinion that in the absence of a statute expressly forbidding it to use that remedy, plaintiff might invoke the provisions of the Declaratory Judgment Act. In the first place, the total tax has been paid, and thereby its validity admitted; it is the validity of the penalty only on the tax tendered which is now in question. The amount which a taxpayer is required by our statutes to pay, in addition to the tax imposed when such tax is not paid before the date of delinquency, has been held by this court to be a penalty and no part of the taxes themselves. *Biles* v. *Robey,* 43 Ariz. 276, 30 Pac. (2d) 841. The sections above referred to provide a method to recover only taxes illegally assessed and paid, and do not cover any penalties alleged to be due on taxes tendered but not accepted.

In the second place, the Declaratory Judgment Act expressly provides that it may be resorted to whether further relief is or could be claimed, and that it "shall not be open to the objection that a declaratory judgment only is prayed for." The original act, adopted as chapter 10 of the Session Laws of 1927, reads, in part, as follows:

"Section 12. This Act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

■■ We have held that when a previously existing law is carried forward into the Revised Code of 1928, it is presumed to be the same in legal effect as to its original form, even though the language be changed, unless it appears unmistakably it was the intent of the legislature to make a change in its mean-

ing. *Estate of Sullivan,* 38 Ariz. 387, 300 Pac. 193. Taking the original purpose of the act as declared by the legislature into consideration with the revision of 1928, we are of the opinion that it was the intent of the legislature that it should continue in the Revised Code of 1928 to be a remedial act to be liberally construed and administered. *Taylor* v. *McSwain,* 54 Ariz. 295, 95 Pac. (2d) 415.

■ There was a dispute between the parties as to whether some forty thousand dollars in additional penalties was due from plaintiff to defendants. Plaintiff naturally desired and was entitled to have the question settled. No suit had been brought for the collection of these penalties by the defendants, and the only manner in which plaintiff could have the uncertainty determined was by initiating proceedings through the Declaratory Judgment Act. We think in principle it was entitled to do this, for the controversy can be settled as definitely and as equitably in this proceeding as in any other that might be conceived. We hold, therefore, that the court properly overruled the demurrer of defendants that the action was not authorized by the Declaratory Judgment Act.

■ We come then to the question on the merits, which we think may be stated as follows: Is plaintiff required to pay the statutory penalties on the amount which it tendered to defendants, as set forth in the statement of facts above? This depends upon whether the tender made by plaintiff was valid. The legal effect of a valid tender is to relieve the debtor from any interest or penalties due for a failure to pay the debt when due, and for any costs afterwards accrued. A tender, in order to stop the running of costs, interest and penalties, must be unconditional, but the tenderer may accompany it with a declaration that it is without prejudice either to the contention by plaintiff that no more is due, or to a claim by the creditor that an

acceptance does not amount to an admission by the latter that the tender covers the entire debt.

In the present case it appears very clearly that plaintiff, in making its tenders, did not in any manner require the county to admit that the amount tendered was the full amount of the legal taxes due, but merely stated that they were without prejudice to the right of either party to insist, in proper proceedings in court, on the one hand, that the amounts tendered were the full debt, and on the other that they were not. We think the tenders were unconditional and unless by some rule of law the defendants were prohibited from accepting them, they would stop the running of any penalty for nonpayment of the amounts tendered.

We come then to the vital issue, which is whether defendants had the right to refuse to accept a payment of the amount tendered. In the case of *Moore, Treasurer,* v. *Missouri State L. Ins. Co.,* 43 Ariz. 337, 31 Pac. (2d) 99, 100, we had before us the question of what the rights and duties of the county treasurer were in regard to a partial payment of taxes. Section 3115, Revised Code of 1928, in effect at the time of that action, read in part as follows:

"*Tax may not be paid in part; payment by part owner; lien for contribution.* The county treasurer shall not accept any taxes on real estate for any portion less than the least subdivision entered opposite the name of the person or description of the assessment roll. . . . "

We said, in the case above cited:

"In the absence of this section, we think it would be the duty of the county treasurer to accept any taxes tendered him in any amount, giving a receipt therefor, but the acceptance of such amount, unless it was the full sum which was a lien against the property in question, would not, of course, discharge the lien,

which would still be an incumbrance upon the property. . . . "

and it, as a corollary, follows that under the law as it stood then he could not accept taxes on real estate for any amount less than that required by the section. But later the legislature amended section 3094, Revised Code of 1928, which regulates the method for the extending of the tax roll and provides for the payment of the annual taxes in two installments, one on or before the first Monday in November and the other on or before the first Monday in May, by adding the proviso in chapter 60 of the Regular Session Laws of 1933:

" . . . provided, that at any time before either of said installments becomes delinquent, the county treasurer shall accept a partial payment or payments thereon in an amount not less than ten per cent of such installment, provided, however, that no partial payment shall be accepted in the amount of less than five ($5.00) dollars and shall credit the taxpayer with the same, and if any part of said tax, or of any installment thereof, remains unpaid at the date of delinquency, such delinquency shall relate only to the amount remaining unpaid."

It is the contention of plaintiff that under this proviso it had the right to tender taxes on any installment due semi-annually, as originally provided by the section, in an amount of not less than one-tenth of the installment due, and that if the balance of the installment was not paid when due, only the unpaid portion should be considered as delinquent.

Defendants assert that this section only applies to cases when the legality of the entire tax is admitted by the taxpayer and he wishes to make partial payments because, for some reason, he is not able to pay the full installment.

█ We have held repeatedly that when a statute is complete, unambiguous and workable on its face, we may not read into it any provisions which change its apparent meaning, because of matters outside the face of the statute. *Automatic Registering Mach. Co.* v. *Pima County*, 36 Ariz. 367, 285 Pac. 1034; *Industrial Com.* v. *Price*, 37 Ariz. 245, 292 Pac. 1099; *Palmcroft Dev. Co.* v. *Phoenix*, 46 Ariz. 200, 49 Pac. (2d) 626.

█ The proviso, on its face, clearly permits any taxpayer to pay not less than ten per cent of any of the semi-annual installments due, without reference to his reasons for wishing to make such partial payments; requires the county treasurer to accept such payment and credit it on the amount of the tax, and expressly says that any delinquency shall apply only to the amount of the tax unpaid. In order to give the proviso the meaning attributed to it by defendants we would have to place therein by judicial interpretation the limitation "this proviso shall apply only to cases when the taxpayer admits the validity and amount of the total tax." Since the proviso is plain and unambiguous in its language, we do not think we are authorized to add this limitation thereto.

Counsel for defendants referred to chapter 72, Session Laws of 1933, as having some bearing on the interpretation of chapter 60, *supra*. Since it refers only to the payment of taxes already delinquent, and does not affect in any manner taxes which have not yet become so, we cannot see its application to the question before us.

█ Since, under chapter 60, *supra*, the taxpayer had the right to pay any portion he might see fit of each semi-annual installment, in amount not less than five dollars, or one-tenth of the installment due, and since the effect of such payment was to prevent the installment from becoming delinquent beyond the

amount yet unpaid, and since the facts show that plaintiff made a valid tender of a portion of each installment, in amount sufficient under chapter 60, *supra,* expressly claiming it to be made under that chapter, we think it was the duty of the county treasurer to accept the tenders, and that plaintiff may not be penalized for his failure to do so.

The judgment of the superior court is affirmed.

ROSS, C. J., and McALISTER, J., concur.