STATE EX REL. WILLIAM H. BLOCK COMPANY *v.* SUPERIOR COURT OF MARION COUNTY, ROOM NO. 4, ET AL.

[No. 27,843. Filed March 15, 1943.]

*Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for petitioner.

*Faust, Faust & Faust,* of Indianapolis, for respondents.

RICHMAN, C. J.—Upon petition for a writ of prohibition and to mandate the expunging of certain order-book entries a temporary writ was granted restraining the enforcement of a judgment entered February 20, 1943, in an action pending in the Marion Superior Court, Room No. 4, numbered B7869, entitled Estelle B. Davis v. Wm. H. Block Company. Response has been filed. The essential facts are undisputed.

The trial of said cause before the regular judge, Henry O. Goett, on February 27, 1942, resulted in a verdict for respondent Estelle B. Davis. Relator herein filed its motion for new trial which was sustained by said judge on the 28th day of December, 1942. His term of office expired on the 31st day of December and he was succeeded by Walter Pritchard, now the incumbent regular judge. On the first day of January, 1943, respondent Davis filed affidavit and motion for change of judge and on February 9 Joseph M. Milner qualified as such judge. On the same day respondent Davis filed a motion for reconsideration of the ruling on relator's motion for new trial. On the 20th day of February Judge Milner sustained said motion to reconsider, overruled the motion for new trial and entered judgment in conformity with the verdict. Relator on the 19th day of February attempted to take a change of venue from Judge Milner but relator's affidavit and motion was not acted upon until the 23rd day of Feb-

ruary when Judge Milner ordered it filed as of that date. The clerk of the Superior Court certified to the clerk of this court on March 1, 1943, a request for a list of names from which to select a special judge. Whether a new special judge has qualified does not appear.

It is apparent from the facts stated that Judge Milner had no jurisdiction to disturb the ruling of Judge Goett upon relator's motion for new trial. Rule 1-9 of this court expressly provides that "The judge who presides at the trial of a cause shall . . . rule on the motion for a new trial . . .". If the term of Judge Goett had expired without a ruling nevertheless he still would have had jurisdiction to pass on the motion for new trial. There ought be no exceptions to this rule except as the exigencies of the occasion require. Obviously death, insanity or other incapacity of the judge who presided at the trial would make action necessary by some successor judge. We think the rule so interpreted is fair and workable. The reasons for its adoption are given more explicitly in the opinion in *State ex rel. Hodshire* v. *Bingham* (1941), 218 Ind. 490, 33 N. E. (2d) 771, 134 A. L. R. 1126, decided on the day the rule was adopted.

The entry of judgment was based upon the premise that the motion for new trial had been overruled. Since Judge Milner had no jurisdiction to reconsider and overrule the motion it follows that the entry of judgment also was outside of his jurisdiction. The case therefore stands for trial as if nothing had been done by Judge Milner other than to act upon relator's motion for change of venue.

Respondents seem to be of the opinion that no mandatory relief may be given in this action. We have

original jurisdiction in prohibition and mandate with respect to proceedings of certain inferior courts. They are related remedies. Both are provided in the same statute, § 3-2201, Burns' 1933, § 1090, Baldwin's 1934. Stated in simple terms prohibition is used to prevent a court from doing something which it has no power to do and mandate to require it to do something which it is required to do. Frequently the need for both kinds of relief appears in the same action. We see no reason why they should not be granted in the same order.

The temporary writ of prohibition, which restrained all respondents including the Superior Court itself from enforcing or attempting to enforce the judgment entered by Judge Milner, is hereby made permanent.

Because the record before us fails to disclose the status below as to qualification of a special judge to succeed Judge Milner it is ordered that the entry of February 20, 1943, overruling relator's motion for new trial and rendering judgment, be expunged from the order book. This mandate is directed to respondent Superior Court of Marion County, Room No. 4, to be enforced by the special judge who shall qualify or has qualified as successor to Judge Milner or by him if no change of venue is perfected.

NOTE.—Reported in 47 N. E. (2d) 139.