519 P.2d 50

**STATE of Arizona ex rel. Robert R. BEAN, Pinal County Attorney, Petitioner,**

v.

**Hon. Charles L. HARDY, Judge of the Superior Court; and Roy RODRIQUEZ, Real Party in Interest, Respondents.**

No. 11483.

Supreme Court of Arizona,

In Banc.

Feb. 25, 1974.

Robert R. Bean, Pinal Co. Atty., by Edmond J. Brash, Deputy Co. Atty., Florence, for petitioner.

Stanfield, McCarville, Coxon & Ishmael, by A. Thomas Cole, Casa Grande, for respondents.

STRUCKMEYER, Justice.

This Special Action was brought by the County Attorney of Pinal County to compel the Honorable Charles L. Hardy, Judge of the Superior Court, to submit to the jury in a criminal prosecution the charge of Assault with a Deadly Weapon or Force by Life Prisoner as set forth in A.R.S. § 13–250, rather than the lesser included offense of assault with a deadly weapon. We accepted jurisdiction to clarify the meaning of § 13–250 as it existed prior to its amendment by Ch. 138, § 3, Laws of 1973. Our holding, with two judges dissenting, was, in effect, that the Superior

Court should instruct the jury on the offense set forth in § 13–250 as it existed prior to amendment and that a written opinion would follow at the convenience of the Court.

Petitioner alleged that he is the duly qualified and elected County Attorney of Pinal County; that Charles L. Hardy is a judge of the Superior Court of the State of Arizona; that one Roy L. Rodriquez was being prosecuted in Pinal County Criminal Case No. 5989 for Assault with a Deadly Weapon or Force by Life Prisoner. Petitioner asserts that on June 22, 1973 in Cell Block 3 of the Arizona State Prison in Florence, Arizona, two prison officers were beaten and stabbed to death. At that time, Roy L. Rodriquez was imprisoned in the Arizona State Prison subject to these sentences: 45 to 75 years, 5 to 10 years, and 9 to 10 years being served concurrently, and a sentence of 25 years to life, to be served after the completion of the 45- to 75-year sentence. Rodriquez was indicted by the Pinal County Grand Jury for assault by a life prisoner under § 13–250, which offense arose out of circumstances surrounding the deaths of the two prison officers.

At the time of the asserted assault, § 13–250 provided:

"A person imprisoned in the state prison under sentence for life, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is subject to punishment by death."

■ In the Petition before this Court, it is alleged that the respondent judge had serious doubts that Rodriquez was subject to the death penalty for the reason that Rodriquez was at that time serving a sentence of 45 to 75 years and his sentence for life had not commenced. Respondent judge proposed to submit to the jury only assault with a deadly weapon on the theory it was an included lesser offense. We note jurisdiction in the fact that petitioner seeks

to compel the respondent judge to do that which he has no discretion other than to do. Mandamus is the remedy to require a court to do something it is required to do. Constitution of Arizona, Art. 6, § 5, Added, election November 8, 1960, A.R.S.; State ex rel. Block Co. v. Superior Court of Marion County, 221 Ind. 228, 47 N.E.2d 139 (1943).

In the setting of the facts here, § 13–250, quoted *supra,* is ambiguous in that it is susceptible of two constructions; first, that adopted by the trial court—that the statute means the defendant at the time of the offense must have been held in prison by reason of a life sentence; and, second, that placed upon it by the County Attorney —that the phrase "under a sentence for life" means that a defendant must have been under a life sentence when the offense was committed. With the latter construction, we are in agreement.

■ The plain purpose of § 13–250 as it existed at the time of the offense was to provide additional punishment to a prisoner who was already under sentence of life. The statute recognizes the near impossibility of controlling a person whose antisocial behavior has been such that he has nothing further to lose except his life. For that reason, the statute should be construed, if possible, to accomplish this purpose.

A.R.S. § 13–250 may be first found in the 1913 Penal Code. *See* § 220, Revised Statutes, Penal Code of 1913. Its language, however, was somewhat different. It then provided:

"Every person undergoing a life sentence in the state prison, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable with death."

Section 220 of the Penal Code of 1913 was adopted from § 246 of the California Penal Code effective February 14, 1901. California's § 246 was construed in a case which is direct precedent for the construction here. In People v. McNabb, 3 Cal.2d

441, 45 P.2d 334 (1935), the defendant, McNabb, was convicted on two separate counts of robbery. The terms of sentence imposed were fixed at five and fifteen years, respectively. Thereafter, while released on parole, he was convicted of two other counts of robbery. Sentences for the last two convictions of robbery were life terms under California's indeterminate sentence law, and until the state board charged with the duty of fixing prison terms remitted a portion of the life terms, the sentences remained as life sentences. The offense of assault punishable by § 246 was committed while defendant McNabb was serving the uncompleted terms of imprisonment remaining after breaking the terms of his parole.

It was held that this fact would not suspend the force of the sentences for the robberies committed while on parole. The court reasoned that if McNabb had been discharged by reason of habeas corpus or a pardon for the original offenses, he would still have been held as a prisoner serving a life term on the last two convictions. The Supreme Court of California said:

> "We think the contention of appellant McNabb to the effect that a person is not undergoing a life sentence within the purpose and meaning of the law, when imprisoned on a judgment which imposes the longest term known to the law and to which nothing further may be added, because, forsooth, he is also held on a prior uncompleted sentence for years does not stand the test of reason." People v. McNabb, supra, 45 P.2d at 341.

This holding in *McNabb* was followed in two later cases. *See* People v. Jones, 6 Cal.2d 554, 59 P.2d 89 (1936), and In re Quinn, 25 Cal.2d 799, 154 P.2d 875 (1945).

Historically, the language of § 220 of the 1913 Penal Code remained the same until the Revised Code of 1928. There, in § 4615 it was combined with another section and the language changed to that as it existed until the Amendment of 1973. But we do not think the change affected its meaning.

We have repeatedly held that the statutory revision of 1928 was not intended to change the meaning of the law but to simplify and reduce the language. The change in language is presumed to be a change in form only unless it is clearly shown that the Legislature intended to change the meaning of the law. Waara v. Golden Turkey Mining Company, 60 Ariz. 252, 135 P.2d 149, 149 A.L.R. 677 (1943); State ex rel. Conway v. Glenn, 60 Ariz. 22, 131 P.2d 363 (1942); Peterson v. Central Arizona Light and Power Company, 56 Ariz. 231, 107 P.2d 205 (1940); Melendez v. Johns, 51 Ariz. 331, 76 P.2d 1163 (1938). We are, therefore, of the view that the changes in the language of § 220 as made in the Revised Code of 1928 were not made to change its legal effect, but were changes in form only. We hold that the statute § 13–250, quoted *supra,* is to be construed in the light of the language as found in § 220 of the 1913 Penal Code.

The Order of this Court in this Cause dated February 15, 1974, holding that Roy Rodriquez was imprisoned in the state prison under sentence of life imprisonment, is approved and confirmed.

HAYS, C. J., and LOCKWOOD, J., concur.

CAMERON and HOLOHAN, Justices (specially concurring):

We concur in the interpretation of the statute set forth in the majority opinion. Our original dissent to the order of this Court which directed the trial court to set aside its previous ruling to submit to the jury only the lesser included offense of assault with a deadly weapon was based upon the issue of double jeopardy which has subsequently become moot with the acquittal of the respondent Rodriquez on the principal charge.