INDIANA ALCOHOLIC BEVERAGE COMMISSION *v.* STATE EX REL. VAUGHN E. HARMON.

[No. 2-974A226. Filed October 13, 1976. Rehearing denied December 2, 1976.]

*Theodore L. Sendak,* Attorney General, *James C. Jarrette,* Deputy Attorney General, for appellant.

*David F. McNamar, Steers, Klee, Sullivan, McNamar & Rogers,* of Indianapolis, for appellee.

## CASE SUMMARY:

LOWDERMILK, J.—The instant case was transferred from the Second District to this office in order to lessen the disparity in caseloads among the Districts.

Defendant-appellant Indiana Alcoholic Beverage Commission (ABC) appeals from a permanent injunction prohibiting

it from hearing certain charges against plaintiff-appellee Vaughn E. Harmon, a holder of a permit issue by the ABC. We reverse.

## FACTS:

Harmon operated a rural resort and held a "two-way" (beer and wine) alcoholic beverage permit therefor. The ABC charged him with, on two occasions, failing to aid police investigations into stabbings at the resort and supplying false information to police officers investigating the stabbings.

Before the ABC hearing on the charges, the court granted Harmon's petition for a temporary restraining order. The court later entered its permanent injunction following a hearing.

## ISSUES:

1. Whether the court had the power to permanently enjoin the ABC from hearing the charges.

2. Whether issuing the injunction was an abuse of discretion.

## DECISION:

ISSUE ONE:

The ABC contends that the injunction amounted to a writ of prohibition in that it prohibited the ABC from doing something which the court held it had no power to do. See *State ex rel. Wm. H. Block Co.* v. *Superior Court of Marion County* (1943), 221 Ind. 228, 47 N.E.2d 139. The ABC further contends that the court had no power to issue such a writ.

Assuming arguendo that the injunction did amount to a writ of prohibition, the court possessed the power to issue it in a proper case. Our Supreme Court explained in *State ex rel. Standard Oil Co.* v. *Review Board* (1951), 230 Ind. 1, 10-11, 101 N.E.2d 60:

"Does the court below have the authority, in a proper case, to issue a writ of prohibition addressed to the Review Board? The writ of prohibition is a common law writ of

ancient origin. The power to issue the writ inheres in any court of general common law jurisdiction. . . . Under Art. 7, § 4 of our Constitution this court has only such original jurisdiction as the General Assembly may confer. We are not authorized by statute to issue a writ of prohibition directed to an administrative agency. Burns' 1946 Replacement, § 3-2201. But the right of trial courts of general jurisdiction to issue the writ has been recognized and regulated by our statutes. The Marion Superior Court has been given the same power to issue writs of prohibition as is had by Circuit Courts. . . .

"The writ of prohibition will issue to prohibit administrative officers or boards from exercising quasi-judicial power which they have no jurisdiction to exercise. . . . It may properly issue from this court to certain lower courts to prohibit action pursuant to an unconstitutional statute, . . . and no reason is seen why it could not properly issue from the court below to an administrative agency for the same purpose." (Citations omitted.)

At the time *State ex rel. Standard Oil Co.* was written, Ind. Ann. Stat. § 3-2201, *supra,* provided:

"Writs of mandate in the circuit, superior, courts of this state are hereby abolished, and the causes of action heretofore remedied by means of such writs shall hereafter exist and be remedied by means of complaint and summons in the name of the state on relation of the party in interest, in the circuit, superior, courts of this state, as other civil actions, and be known as actions for mandate. Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court to the circuit, superior, criminal, probate, juvenile or municipal courts of this state, respectively, compelling the performance of any duty enjoined by law upon such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, including the granting of changes of venue from the county in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused; and also *writs of prohibition may issue out of the Supreme Court to such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to restrain and confine such circuit, superior, criminal, probate, juvenile or municipal courts, respectively to their respective, lawful jurisdiction.*" (Our emphasis.)

The same statute—although somewhat streamlined—now appears at IC 1971, 34-1-58-1 (Burns Code Ed.). And Ind. Rules of Procedure, Appellate Rule 4(A)(5) provides:

"The Supreme Court shall have exclusive jurisdiction of . . . [s]upervision of the exercise of jurisdiction by the other courts of the State, including the issuance of writs of . . . prohibition."

Accord, Art. 7, § 4, Indiana Constitution.

It therefore appears that the reasoning and the holding of *State ex rel. Standard Oil Co., supra,* still obtain. We conclude that the court possessed the authority to issue a writ of prohibition to prevent the ABC from exceeding its quasi-judicial authority.

ISSUE TWO:

The ABC argues that the court erred in granting the injunction. This court will not reverse the granting or denial of injunctive relief without a clear showing of abuse of the court's discretion. *Elder* v. *City of Jeffersonville* (1975), 164 Ind. App. 422, 329 N.E.2d 654.

As its authority to hear Harmon's charges, the ABC points to IC 1971, 7.1-3-23-2 (Burns Code Ed. Supp. 1976). Harmon maintains that inasmuch as IC 1971, 7.1-5-8-1 (Burns Code Ed. Supp. 1976) includes a provision making the conduct with which he was charged a misdemeanor, the ABC charges were criminal in nature and therefore outside the jurisdiction of the agency. Art. 7, § 8 Indiana Constitution. See 1 K. Davis, *Administrative Law Treatise* § 2.13 (1958).

IC 1971, 7.1-3-23-2, *supra,* provides:

"The commission may fine, suspend, or revoke the permit, or fine and suspend or revoke, the permit of a permittee for the violation of a provision of this title [7.1-1-1-1—7.1-5-11-16] or of a rule or regulation of the commission. . . ."

This section authorizes the ABC to impose certain administrative sanctions against permittees who violate the provisions of the title. However, it gives the ABC no power to imprison a permittee.

The ABC charged Harmon with violations on two occasions of IC 1971, 7.1-5-8-1, *supra,* which provides:

> *"Hinderance or prevention of enforcement—Prohibition—Penalty.*—It is unlawful for a person to hinder, obstruct, impede, interfere with, or prevent in any way, the observance or enforcement of a rule or regulation of the commission adopted in the administration of this title. . . . A person who violates a provision of this section is guilty of a misdemeanor, and upon conviction of the first offense shall be fined an amount of not less than fifty dollars . . . nor more than five hundred dollars. . . . A person who is convicted of a subsequent violation of this section shall be fined an amount of not less than two hundred dollars . . . nor more than one thousand dollars . . . to which may be added imprisonment for a period of not less than ten . . . days, nor more than sixty . . . days."

This section does two things: It makes hinderance of enforcement conduct for which the ABC may impose its authorized administrative sanctions; it also makes such conduct a crime which a *court* with criminal jurisdiction may punish—upon a second or subsequent conviction—by imprisonment.

Harmon also looks to IC 1971, 7.1-3-23-16 (Burns Code Ed. Supp. 1976), which provides:

> *"Revocation of permit for violation of law.*—The commission may revoke a wholesaler's, retailer's, or dealer's permit of any type after final judgment of conviction for an offense defined in this title. The commission shall revoke the permit of a wholesaler, retailer, or dealer upon a second violation of a provision of this title . . . whether a judgment of conviction ensues or not."

He argues that this section prohibits the ABC from hearing charges against a permittee under IC 1971, 7.1-5-8-1, *supra,* until after the permittee has been convicted in a court for his unlawful conduct.

It is axiomatic that a statute "should be construed as a whole or in its entirety, each section being considered with reference to all other sections." 26 I.L.E., *Statutes* § 122, at 329 (1960).

IC 1971, 7.1-3-23-16, *supra,* appears in a list of specific grounds for revocation of a permit, to-wit: cessation of qualifications, IC 1971, 7.1-3-23-12; not truthfully disclosing the location of the permit premises, IC 1971, 7.1-3-23-13; refusing to allow an investigation or an examination of the permit premises or of the permittee's books, papers, and records, IC 1971, 7.1-3-23-14; possession of a wagering stamp, IC 1971, 7.1-3-23-17; use of illegal influence, IC 1971, 7.1-3-23-18 and 7.1-5-5-1; allowing a minor on the permit premises, IC 1971, 7.1-3-23-19 and 7.1-5-7-14; false verification of an interested party, IC 1971, 7.1-3-23-20; and IC 1971, 7.1-3-23-21 (Burns Code Ed. Supp. 1976), which provides:

> *"Retail permittee—Revocation upon petition.—*The commission shall revoke the permit of a retail permittee upon the petition of sixty-six per cent . . . of the registered voters of a township or precinct stating that the permittee within that township or precinct has been convicted, *either before a court or the commission,* of a violation of a provision of this title. . . ."* (Our emphasis.)

Viewing IC 1971, 7.1-3-23-16, *supra,* in its statutory context, it is obvious that conviction by a court of a crime as defined in Title 7.1 of the Indiana Code of 1971 is one of several grounds for which the ABC may impose one of its authorized administrative sanctions; conviction by a court is not a prerequisite to all ABC sanctions.

It is therefore clear that the ABC possessed authority to fine and/or suspend or revoke Harmon's permit upon finding, in a quasi-judicial hearing,[1] that he engaged in the conduct with which he was charged.

From our reading of Title 7.1, we conclude that issuing the injunction was an abuse of discretion inasmuch as it was based on an erroneous conclusion that the ABC had no jurisdiction to hear the charges against Harmon. *Elder* v. *City of Jeffersonville, supra.*

---

1. See IC 1971, 4-22-1-1 *et seq.* (Burns Code Ed.).

Issuing the injunction was also an abuse of discretion in that the court's action was premature.

Where, as here, agency action is only anticipated or is in the interim stages, courts generally deny judicial review for lack of finality. *Downing* v. *Board of Zoning Appeals of Whitley County* (1971), 149 Ind. App. 687, 274 N.E.2d 542. As our Supreme Court stated in *State ex rel. Calumet National Bank of Hammond* v. *McCord* (1963), 243 Ind. 626, 633, 189 N.E.2d 583:

". . . We believe a full reading of the Administrative Adjudication Act reflects the intention that a *judicial review under that act shall be applicable following the final hearing* of such administrative body. . . ." (Our emphasis.)

The court could review only the ABC's *final* decision on the charges against Harmon; it could not interfere with interim authorized quasi-judicial proceedings by the agency. Cf. *Indiana Alcoholic Beverage Commission* v. *McShane* (1976), 170 Ind. App. 586, 354 N.E.2d 259.

We hold that issuing the injunction was reversible error for the above reasons and remand this cause to the court with instructions to dissolve the injunction.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 355 N.E.2d 450.