447 N.E.2d 584 (1983)
STATE of Indiana ex rel. Ralph C. Pickard, Relator,
v.
THE SUPERIOR COURT OF MARION COUNTY, Civil Division, Room No. 3 and the Honorable Betty Barteau, As Judge of the Marion County Superior Court, Respondents. State of Indiana On the Relation of Westinghouse Electric Corporation, Relator,
v.
The Marion County Superior Court and the Honorable Betty Barteau As Judge Thereof, Respondents.
No. 982S378.
Supreme Court of Indiana.
April 15, 1983.
*585 Ellis McKay, Dennis M. Kelly, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Joseph B. Carney, Baker & Daniels, Indianapolis, Linley E. Pearson, Atty. Gen., Michael Schaefer, Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for relator.
The Superior Court of Marion County, Indiana, Civil Div., Room 3 and Betty Barteau, pro se.
HUNTER, Justice.
This is an original action involving two consolidated cases following our denial of writs of prohibition and mandate on September 23, 1982. This case originated as an action brought before the Environmental Management Board (Board) concerning the alleged violation by Westinghouse Electric Corporation, Inc. (Westinghouse) of certain state statutes and regulations with respect to the discharge and disposal of wastes containing polychlorinated biphenyls (PCBs) at certain disposal sites in the Bloomington, Indiana vicinity. Administrative hearings began in September, 1976, and after the introduction of certain expert testimony into evidence, the hearings were suspended in 1977. No final determinations or findings of fact were ever made by the original hearing officer.
On March 11, 1982, the Board issued a notice to Westinghouse and the other parties involved that the 1976-77 administrative hearings would be "reconvened." A new hearing officer was appointed because the original hearing officer was no longer employed by the state. Westinghouse moved to dismiss the new notice asserting that the Stream Pollution Control Board, although an inferior board to the Environmental Management Board, had exclusive jurisdiction in the case and that due process prevented a new hearing officer from assuming the case. The new hearing officer denied Westinghouse's motion and the Board's technical secretary stated that this denial was not reviewable by the full Board at that time.
Westinghouse then filed a verified petition for writ of prohibition and mandate against the Board in the Marion County Superior Court. That court granted the writ to a certain extent. The court ordered that the new hearing officer could rely only upon the testimony and evidence heard by him, personally, and could not rely upon the testimony and evidence heard by the prior *586 hearing officer. The court held that if the Board wished to rely upon the testimony and evidence as it was presented in the record of the prior proceedings, they would have to use the original hearing officer who had personally heard the evidence. However, the court refused to grant any relief in respect to the Board's lack of authority to proceed against Westinghouse under the statutes asserted and left the matter of statutory jurisdiction for judicial resolution at the conclusion of the Board's proceedings.
Both the state and Westinghouse have appealed the trial court's decision in this original action. The state brought a writ of prohibition against the court's order limiting the evidence that could be considered by the new hearing officer to testimony and evidence that was heard by him, personally. Westinghouse brought a writ of prohibition and mandamus against the court's refusal to rule on the jurisdictional matter. This Court has denied both writs.
It is well settled that original actions are viewed with extreme disfavor by this Court. State ex rel. Neese v. Montgomery Circuit Court, (1980) Ind., 399 N.E.2d 375; State ex rel. White v. Marion Sup.Ct., (1979) Ind., 391 N.E.2d 596; State ex rel. Sendak v. Marion Sup.Ct., (1978) 268 Ind. 3, 373 N.E.2d 145. Writs of prohibition and mandate will be issued only where the trial court has an absolute duty to act or refrain from acting. State ex rel. Wm. H. Block Co. v. Sup.Ct. of Marion County, (1943) 221 Ind. 228, 47 N.E.2d 139. The extraordinary remedy of a writ is not appropriate unless a clear and obvious emergency exists and the failure of this Court to act would result in substantial injustice. State ex rel. Indiana State Board of Finance v. Marion County Sup.Ct., (1979) Ind., 396 N.E.2d 340. Where the matter lies within the sound discretion of the trial court, this Court will not consider applications for writs of mandate and prohibition since the legal remedy of an appeal is adequate. State ex rel. Shelbyville Newspapers, Inc. v. Shelby Sup.Ct., (1979) Ind., 396 N.E.2d 337; State ex rel. White v. Marion Sup.Ct., supra.
The trial courts of this state clearly have the power to issue writs of prohibition and mandamus to administrative agencies in appropriate cases, such as where constitutional due process rights are being denied. We have held that minimum constitutional standards of procedural due process must be followed by administrative agencies in their hearing procedures. City of Mishawaka v. Stewart, (1974) 261 Ind. 670, 310 N.E.2d 65. When an agency acts or threatens to act in a manner not authorized by the constitution, Indiana courts have the power to prevent such action by issuing a writ of prohibition. Ind. Code § 34-1-58-1 (Burns 1973); State ex rel. Standard Oil Co. v. Review Board, (1951) 230 Ind. 1, 101 N.E.2d 60; Indiana Alcoholic Beverage Commission v. State ex rel. Harmon, (1976) 171 Ind. App. 156, 355 N.E.2d 450.
While the trial court in this case had the general authority to issue writs of prohibition and mandamus to the Board, it is true that it may have abused its discretion under the circumstances of the instant case. However, the legal remedy of an appeal is adequate to determine this issue absent any showing of hardship, emergency, or inability to appeal. In this case, the state has made no showing of hardship or emergency since it allowed this matter to remain pending from 1977 to 1981 without taking action. Adequate judicial review is available to both parties under the Administrative Adjudication Act, Ind. Code § 4-22-1-14 (Burns 1982 Repl.). It is fundamental that this Court will not by way of issuance of a writ, disturb a discretionary ruling of a court. State ex rel. Harris v. Scott Circuit Court, (1982) Ind., 437 N.E.2d 952. The permanent writ of prohibition requested by the state is denied.
Westinghouse has based its application for a writ of prohibition upon the claim that the Board totally lacks jurisdiction in this case. They allege that the last date of any waste disposal was September, 1972, which was prior to the effective date of any applicable statute and that therefore *587 the Board has no authority under the statute to impose any sanctions. They also allege that state agencies other than the Environmental Management Board have exclusive jurisdiction over the type of waste disposal involved. It is clear that these jurisdictional issues should be subjected to judicial review only after the Board has made its findings of facts and issued enforcement orders, if any. State ex rel. Paynter v. Marion Superior Court, (1976) 264 Ind. 345, 344 N.E.2d 846. Westinghouse has not shown that an emergency exists or that the remedy of appeal would be inadequate to challenge the Board's actions in this case.
We find no abuse of the trial court's discretion in this case. The permanent writs are denied.
DeBRULER, PRENTICE AND PIVARNIK, JJ., concur.
GIVAN, C.J., not participating.