On Motion for Rehearing

Pending before the court is the motion for rehearing of Republic Underwriters Insurance Company. We overrule same after commenting upon several of the multiple grounds asserted.
First, Republic alleges that the court should “correct its judgment in which it inconsistently found that the policy was unambiguous but yet erroneously relied upon principles of construction applicable only to ambiguous documents.” The inconsistency purportedly arose when we held the insurance contract to be unambiguous but then, in footnote five of our opinion, referred to a rule applicable to the construction of ambiguous contracts. There, we said that “[t]o the extent Republic incorporated a word into the policy which established a somewhat vague standard or range of liability, our duty is to interpret the word in a manner favoring the insured ... [and][o]ur construction of ‘like’ and ‘comparable’ does that.” (Emphasis supplied). Through the footnote, we merely sought to explain that if (or assuming arguendo) the words “like” and *185 “comparable” could be deemed ambiguous (which we do not believe they could in this contract), then the manner in which we interpreted them comported with the applicable rules of construction. We did not suggest, nor do we suggest, that the words or contract was ambiguous. We were simply “covering the bases,” to use the vernacular adopted by the boys of summer. Yet, to avoid confusion, we redact the footnote from our opinion.
Next, Republic argues that the court erred in holding that the “claim” upon which the statutory penalty accrued was the entire $179,000, as opposed to the difference between that sum and the partial payment it originally tendered as full payment of the demand. Our construction of the word allegedly “defeats the intent of the statute,” leads to “absurd” results, and entitles the insured “to profit from its own delay and rejection of properly tendered benefits.” We disagree.
According to the legislature, the word “claim” means “a first party claim made by an insured or policyholder under an insurance policy or contract ... that must be paid by the insurer_” Tex. Ins.Code Ann. art. 21.55, § 1(3) (Vernon Supp.2003). This, at the very least, defines “claim” as what the insurer must pay under the policy terms. It says nothing about what the insurer cares or wants to pay at any particular time. If under the policy, the insured proves a loss of $10 and the policy requires the insurer to pay $10 but it is only willing to pay $5, the amount of the claim is not $5. It is $10; that is the amount demanded and the amount the insurer must pay.[1] Furthermore, not only did the insured at bar demand $179,000, but also the trial court found that Republic was obligated to pay that sum. $179,000 being the amount demanded by Mex Tex, Inc. (the insured) and found payable by the trial court, $179,000 was and is the amount of the claim as contemplated by art. 21.55, § 1(3) of the Texas Insurance Code.
Nor do we think that our construction of the word “claim” allows an insured to profit by delay. Had Republic initially tendered the partial payment and stipulated that it did so without prejudice to the rights of Mex-Tex to pursue the balance, then we may have been required to consider whether a common law rule involving partial payments made under those circumstances came into play. According to that rule, such a tender tolls the accrual of penalty or interest on the sum tendered. See Peterson v. Central Arizona Light & Power Co., 56 Ariz. 231, 107 P.2d 205, 208 (1940) (wherein tender stopped the accrual of penalties); Blum v. William Goldman Theatres, 174 F.2d 908, 913 (3d Cir.1949); see McBride v. Clayton, 140 Tex. 71, 166 S.W.2d 125, 128 (Tex.Comm.App.1942, opinion adopted) (stating that all statutes are to be construed in connection and in harmony with the existing law and as a part of a general and uniform system of jurisprudence). Yet, we need not address this because those were not the facts at bar. The payments here were not accompanied by such a stipulation. See Mutual Life Ins. Co. v. Wells Fargo Bank & Union Trust Co., 86 F.2d 585, 588 (9th Cir.1936) (holding that interest was not tolled because the debtor made the tender as full payment and without a stipulation or offer to stipulate that acceptance of the tender would not prejudice the creditor’s right to pursue additional sums).
Nor do we find the case of Allison v. Fire Ins. Exch., 98 S.W.3d 227 (Tex.App.-Austin 2002, no pet. h.) dispositive. The *186 terms under which Fire Insurance Exchange tendered the interim payments to Allison went unmentioned in the opinion. Here, Republic tendered the lesser sum as full settlement of the dispute. Moreover, the Allison court failed to explain why it deviated from the well-settled rule holding that tender of less than full amount due does not stop the accrual of interest, which rule we discussed in our original opinion.
The motion for rehearing is overruled.

. Now it may be possible for the insurer to toll the accrual of interest on the difference while the dispute is resolved. However, that will be addressed below.