Court of Appeals for Licking County.

JOSEPH N. PUGH, AS RECEIVER OF THE HOMESTEAD BUILDING &
SAVINGS CO., v. THE AMERICAN BONDING CO.

Decided, March Term, 1916.

*Successor in the Trust Bound by Agreement Previously Entered Into
by Order of Court—Fund Bound for Expenses of Surety.*

A clause in a contract of suretyship, procured by order of court by a
receiver, wherein it was agreed that the surety should be saved
from costs and expenses, is binding on the successor of said re-
ceiver and the fund in his hands is liable thereunder, and the claim
does not lie that the said agreement was entered into by the origi-
nal receiver in his individual capacity.

*Kibler & Kibler,* for plaintiff in error.
*Flory & Flory,* contra.

HOUCK, J.

This cause is in this court on error. It is sought by this pro-
ceeding to reverse the judgment of the common pleas court ob-
tained by the defendant in error, the plaintiff below, against the
plaintiff in error, who was the defendant below.

The material facts in this case necessary to determine the rights
of the parties hereto are as follows: George P. Webb, the then
receiver of the Homestead Building & Savings Company, was au-
thorized by the court by whom he was appointed receiver to
bring suit and attach certain property reputed to belong to one
Mary J. Lingafelter, which he did, and gave bond with the
American Bonding Company as surety, which bond was issued
to him on his written application and contract with said bond-
ing company. After the termination of said suit in attachment,
which terminated in favor of Mary J. Lingafelter, the said
Mary J. Lingafelter brought suit against the plaintiff in error
herein, being the successor of the said George P. Webb, as re-

ceiver aforesaid, the said George P. Webb having departed this life, and the American Bonding Company, for damages growing out of said suit in attachment. On motion made to the court the said Mary J. Lingafelter was required to elect which defendant she would prosecute said suit against, and she elected to prosecute the same against the bonding company. The suit terminated in favor of the bonding company. The American Bonding Company then filed an intervening petition seeking to recover from the funds in the hands of said receiver the attorney's fee and expenses incurred in defending said suit. The court below ordered and directed the receiver to allow said claim to the amount of $432.25, with interest. To this order and judgment of the court below the plaintiff in error prosecutes error to this court asking a reversal of said judgment.

Plaintiff in error contends, first, that the contract for the bond in question was not the contract of Joseph N. Pugh, receiver, but was the contract of George P. Webb, as receiver. Second, that the agreement to indemnify the bonding company against litigation, costs, attorney fees, etc., was upon Webb only, and could not bind the funds in his hands as such receiver. Third, that there was no liability on the bond.

It is earnestly contended by counsel for plaintiff in error that because Webb, as receiver, made application for the surety bond in question that any agreement made by him and any liability incurred thereby does not bind his successor, Joseph N. Pugh, as receiver. We can not agree with counsel in this. A receiver is simply the creature of the court, and acts for the court, and to all intents and purposes, so far as the receivership is concerned, is the court to that extent; and the mere fact that a receiver dies, or resigns, or is removed by the court and a new one is appointed, in no way lessens the legal liability of, or in any way affects or lessens the lawful acts done by his predecessor under authority of and direction of the court, which fully appears in the instant case. The claim that the liability, if any exists, is a personal one against Webb, and does not bind the funds in the hands of the receiver, is not well taken. The surety bond in question was secured by order of the court. The

application and contract for the same was made with the bonding company by Webb, as receiver, and in the interest of and for the benefit of the trust estate, and not in the interest of or for Webb personally. The application was made by Webb as receiver, and the bond was issued to him as such, and his successor and the trust estate is bound thereby in just the same degree and to the same extent as if Webb had continued as such receiver.

An examination of the application and contract made by the receiver, Webb, clearly shows an express contract whereby the receiver agrees to save the bonding company from any damages, costs, etc., as will fully appear in paragraph four of said contract, which is as follows:

"That said applicant [Webb] hereby further agrees in the event of a failure to comply with any or all of the covenants, conditions and agreements hereinbefore expressed, to substitute other sureties on said bond within fifteen days after notice of such non-compliance or default has been given to said applicant, by the said company. Any damages, costs or expense which said company may sustain, or incur, or be put to, including traveling expenses, costs for investigations, court costs and lawyers' fees, in obtaining a release or discharge from said bond as surety thereon, shall be borne and paid by said applicant, when and as said company's liability for the same shall accrue."

In the light of the provisions, conditions and terms of the said contract between Webb, as receiver, and the bonding company, and the law governing receivers, their rights and liabilities upon contracts made in the interest of the trusts they represent by and under the authority and direction of the court appointing them, and in the light of the law governing the rights of principal and agent, we can arrive at but one conclusion, and that is that the judgment of the court below is right; and a majority of the court being of that opinion, the judgment of the court of common pleas is affirmed.

SHIELDS, J., concurs; POWELL, J., dissents.