104, Inc., Appellant, *v.* Liquor Control Commission, Appellee.

[Cite as 104, Inc., v. Liquor Control Comm., 13 Ohio Misc. 75.]

(No. 231069—Decided October 27, 1967.)

Court of Common Pleas of Franklin County.

*Mr. Joseph D. Karam,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. John R. Cole,* for appellee.

Gessaman, J.   On July 19, 1967, the appellee, Liquor Control Commission, suspended the appellant's permits "until such time as the delinquent sales tax assessment is paid in full." From that order an appeal has been perfected to this court.

Some of the transactions which have preceded this appeal are set forth at the beginning of the brief of counsel for the appellant. They are as follows:

"Sportsman Grill, Inc., was operating a place of business until September 1966, when one of its creditors filed a petition in the court seeking said corporation be placed in receivership. The court appointed a receiver who took possession of said business, operated it for several months

and later sold it with court approval. The same court determined priorities of the various creditors and ordered the receiver to distribute the purchase money accordingly. The liquor license was transferred to 104, Inc., from the receiver and not Sportsman Grill, Inc.''

These facts are not disputed. Further it is agreed that the sales tax assessment was not paid by the receiver nor was it paid by the appellant. Appellant purchased the business from the receiver.

Counsel for the commission contend that the appellant is now personally liable for the payment of the sales tax assessment by virtue of the provisions of Section 5739.14 of the Revised Code. Counsel for the appellant contends that the appellant is not liable for the assessment for the reason that it is not the ''successor'' of the ''person liable'' (Sportsman Grill, Inc.) and it did not ''purchase'' the business from the ''person liable.''

Section 5739.14, Revised Code, is as follows:

''If any person liable for the taxes levied by Sections 5739.01 to 5739.31, inclusive, Revised Code, sells his business or stock of merchandise, or quits his business, the taxes and interest or penalty imposed by such sections on sales made prior to that time shall become due and payable immediately, and such person shall make a final return within fifteen days after the date of selling or quitting business. His successor shall withhold a sufficient amount of purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until the former owner produces a receipt from the tax commissioner showing that the taxes, interest, and penalties have been paid, or a certificate indicating that no taxes are due. If the purchaser of the business or stock of goods fails to withhold purchase money, he shall be personally liable for the payment of the taxes, interest, and penalties accrued and unpaid during the operation of the business by the former owner.''

No case involving the same fact pattern has been cited to the court and in our own limited research we have found none.

The status of a receiver is set forth very accurately in

46 Ohio Jurisprudence 2d 637-638 at Section 4, Receivers, as follows:

"Status of Receiver.—The general proposition is well established that a receiver is merely a ministerial officer—a servant, agent, creature, arm, or hand—of the court from which he received his appointment, for the benefit of whoever may be ultimately determined to be entitled to the property, and derives his function solely from that source. He is the receiver, not for the plaintiff alone, or for the defendant alone, but for the court, to hold possession of the property for the benefit of all who may have an interest or right in it; and in this respect it has been said that a receiver is the representative of the creditors. Receivers are at all time subject to the order and discretion of the court that appointed them."

When the receiver was appointed and his bond posted, all of the assets of Sportsman Grill, Inc., passed into his hands as an officer of the court. From that moment on the corporation (Sportsman Grill, Inc.) could, not dispose of any of its property. It was powerless in this respect. Whatever there was to sell was sold by the receiver under orders from the court. Therefore, when the appellant bought the business, it bought it from the receiver—not from Sportsman Grill, Inc. Shortly after the receiver took over, the permits which had been issued to Sportsman Grill, Inc., were transferred to him. Therefore, the next transfer was from the receiver to the appellant.

The liability for the payment of the taxes referred to is placed by the statute upon the "successor," "the purchaser." In the instant case the appellant is not the "successor" of Sportsman Grill, Inc., because everything that belonged to the latter was taken over by the court in the person of the receiver for the benefit of the creditors. See *Tonti* v. *Tonti*, 66 Ohio Law Abs. 356, and *Pugh* v. *American Bonding Co.*, 5 Ohio App. 404. For the same reason the appellant did not purchase the business or stock of goods from Sportsman Grill, Inc. The appellant was the successor of the receiver and he purchased from the receiver.

The latest pronouncement of the Supreme Court with respect to Section 5739.14, Revised Code, appears to be *State* v. *Sloan*, 164 Ohio St. 579. In that case there was a sale of a business by two individuals to two individuals. There was no intervening receivership to complicate the problem.

Counsel for the commission has referred to Regulation 14 of the commission. As counsel points out, it authorizes, *inter alia*, the transfer of permits, upon approval by the Director of Liquor Control to a receiver and *"thereafter* from such receiver to a person, firm or corporation, at the same location, when such transfer is in connection with the *bona fide* sale of the business and assets *of* such permit holder." (Emphasis ours.) From this it is clear that the commission recognizes not only the transfer of a permit or permits to a receiver but also that "thereafter" (at some later date) the director may authorize the transfer of the permit or permits to a corporation when that transfer is in connection with the bona fide sale of "the business and assets of such permit holder." At that time the permit holder is the receiver and while, strictly speaking, the business and assets are not his, they are in his possession for the court for such disposition as the court may order. In other words, the commission recognizes the situation that exists when a receiver is appointed for a permit holder.

It is clear that when a receiver is appointed for a permit holder, from that moment on, the latter has nothing to sell and that any "purchaser," thereafter is a "purchasee" from the receiver—not from the permit holder— the "person liable for the taxes." Furthermore, it is also clear that such purchaser it not the "successor" of the permit holder as that term is used in Section 5739.14, Revised Code.

From a complete examination and consideration of the entire record, it is our opinion and we find that the order of the Liquor Control Commission is not supported by reliable, probative and substantial evidence and is not in accordance with law. Therefore, the order is reversed.

*Order reversed.*