730 P.2d 467

In re WHAT D'YA CALL IT, INC., a New Mexico corporation, d/b/a Ned's Marina, Debtor.

WHAT D'YA CALL IT, INC., d/b/a Ned's Marina, Plaintiff,

v.

SUNWEST BANK OF ALBUQUERQUE, Ned Gattas, Adele Gattas, State of New Mexico Bureau of Revenue and the State of New Mexico Employment Security Commission, United States of America Department of the Treasury, New Mexico Federal Savings & Loan Association and Uptown Square Venture, Defendants.

No. 16529.

Supreme Court of New Mexico.

Dec. 30, 1986.

Louis Puccini, Jr., Albuquerque, for plaintiff.

Paul Bardacke, Atty. Gen., Bridget Jacober, Sp. Asst. Atty. Gen., Santa Fe, for Bureau of Revenue.

Donald Becker, Albuquerque, for Bacchus.

## OPINION

FEDERICI, Justice.

The United States District Court for the District of New Mexico, upon recommenda-

tion of the United States Bankruptcy Court, certified to this Court the following question of law:

> Whether NMSA 1978, Sections 7–1–82 and 60–6B–3(E) create conditions precedent to the transfer of a liquor license and therefore the claims of the tax department and liquor wholesalers have superpriority status over security interests, mortgages and other liens or whether the requirements of NMSA 1978, Section 7–1–37 and general lien law must be met in order to effectuate a claim under Sections 7–1–82 and 60–6B–3(E).

Section 7–1–82 creates conditions precedent to obtaining approval for the transfer of a liquor license. This section assures the New Mexico Taxation and Revenue Department of payment in full for all taxes due from engaging in business authorized by the liquor license by prohibiting the transfer, assignment, lease or sale of a liquor license unless the conditions as to the payment of taxes have been met. *See* NMSA 1978, § 7–1–82(A) (Repl.Pamp.1986).

The tax liability referred to in Section 7–1–82 may become a lien in favor of the State in the amount of taxes due if the procedures set forth in NMSA 1978, Sections 7–1–37 and –38 (Repl.Pamp.1986) are followed. Subsection 7–1–37(C) provides: "As against any mortgagee, pledgee, purchaser, judgment creditor, lienor or other encumbrancer for value, the lien imposed by Subsection A of this section shall not be considered to have arisen or have any effect whatever until notice of the lien has been filed as provided in Section 7–1–38 NMSA 1978."

Section 7–1–38 provides: "A notice of the lien provided for in Section 7–1–37 NMSA 1978 may be recorded in any county in the state in the tax lien index established by Sections 48–1–1 through 48–1–7 NMSA 1978, and a copy thereof shall be sent to the taxpayer affected." The lien is effective as of the date the notice is filed. A superpriority status in bankruptcy is not created by Section 7–1–37 and the priority of Taxation and Revenue Department claims is determined as of the date of recording notice of the lien as provided in Section 7–1–38. The requirements of Section 7–1–38 must be met in order to effectuate a lien under Section 7–1–37.

The sections of the Tax Administration Act discussed above are completely independent of NMSA 1978, Section 60–6B–3(E) (Cum.Supp.1986). This section provides that debts of the liquor licensee owed to wholesaler creditors "shall constitute a lien on the license, and the lien shall be deemed to have arisen on the date when the debt was originally incurred." *See generally Chronis v. State ex rel. Rodriguez*, 100 N.M. 342, 345, 670 P.2d 953, 956 (1983) (as against creditors of the licensee the license shall be considered property subject to execution, attachment and liens). Section 60–6B–3(E), in contrast to Section 7–1–38, does not require that notice of the lien be recorded to effectuate the liquor wholesaler's lien.

The requirements of Section 7–1–38 and general lien law do not apply to claims made under Section 60–6B–3(E). A lien pursuant to Section 60–6B–3(E) has a superpriority status over other lienholders, including the tax lien in favor of the State, unless the latter liens were perfected under Section 7–1–38 or under applicable general law prior to the date the licensee incurred debts owed to wholesaler creditors.

IT IS SO ORDERED.

STOWERS, C.J., SOSA, Senior Justice, and WALTERS, J., concur.

RIORDAN, J., not participating.