**P.M.D. CORPORATION, INC., Appellee,**

v.

**HYLAND–HELSTROM ENTERPRISES, INC. et al.,
Appellees; United States of America, Appellant.**

[Cite as *P.M.D. Corp. v. Hyland–Helstrom Enterprises,
Inc.* (1990), 63 Ohio App.3d 681.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–97.

Decided Sept. 25, 1990.

---

*Arnold S. White,* for appellee P.M.D. Corporation, Inc.

*D. Michael Crites,* United States Attorney, *Shirley D. Peterson,* Assistant Attorney General, *Gary R. Allen, William S. Estabrook* and *Kenneth W. Rosenberg,* for appellant United States of America.

*Anthony J. Celebrezze, Jr.,* Attorney General, *Robert A. Sicuro, Chester T. Lyman* and *Gregory S. Severance,* for appellee state of Ohio, Department of Taxation.

*Darrell E. Fawley, Jr.,* for appellee/receiver John A. Connor II.

SMART, Judge.

Defendant-appellant, the United States of America, appeals the decision of the Franklin County Court of Common Pleas approving the distribution of funds of the receivership of Hyland–Helstrom Enterprises, Inc., and Janet L. Helstrom, defendants-appellees.

Appellant asserts the following assignment of error:

"Whether the District Court erred in holding that, as to the proceeds of the sale of a liquor license by the receivership of Hyland–Helstrom Enterprises, Inc. and Janet L. Helstrom, the claim of the State of Ohio for unpaid sales taxes takes priority over the federal tax claim."

(While the assignment of error refers to the district court, this court will presume that it is meant to refer to the Franklin County Court of Common Pleas.)

P.M.D. Corporation, plaintiff-appellee, brought a complaint in the common pleas court against Hyland–Helstrom et al., asserting that defendants-appellees were in default on payments of promissory notes. A cognovit judgment was entered against defendants-appellees for $88,803.58 plus interest. Provisions were made for the sale of real estate and personal property belonging to Hyland–Helstrom Enterprises. In July 1982, P.M.D. moved for the court to appoint a receiver to receive the liquor license then owned by Hyland–Helstrom Enterprises.

On August 10, 1982, the Ohio Liquor Control Commission suspended the liquor license for nonpayment of sales tax pursuant to R.C. 4301.25(A)(5). On or about August 19, 1982, the court appointed John A. Connor II, as receiver to recover and hold in his name the liquor license of Hyland–Helstrom Enterprises.

In March 1983, the receiver moved the court to require creditors to file proof of claim. The court granted the receiver's motion and issued such an order.

In August 1983, the receiver filed an application with the court requesting it to set a hearing for the presentation of creditors' claims, the final distribution to creditors to the extent possible to satisfy their liens, and the extinguishment of all remaining liens. The receiver, the state of Ohio, Department of Taxation, and appellant submitted written memoranda setting forth their position on the proper prioritization of the claims against the limited amount of resources available to satisfy the claims.

The parties did not dispute that the claims of the Internal Revenue Service ("IRS") would take priority over all of the other claims against the assets.

Nor did the IRS contest that administrative costs were to be handled before addressing the claims of creditors against the assets, including the claims of the IRS. What the parties did dispute was whether the unpaid sales tax owed to Ohio should be classified as an administrative cost or as a claim against the assets.

The court of common pleas found that R.C. 5739.14 made it impossible to transfer the liquor license until the delinquent sales tax had been paid and that, consequently, this tax was a legitimate administrative cost. Accordingly, the court ruled that the claim of the state of Ohio was an administrative expense and took priority over the claim of the United States. The court's entry instructed the receiver to pay to the state of Ohio, Department of Taxation, $5,794.41. The court approved the other administrative costs and ordered the balance remaining in the receivership to be paid to the IRS.

Whether or not the court of common pleas erred in giving the Ohio Department of Taxation's claim priority over that of the IRS depends upon whether the common pleas court properly determined that the unpaid sales taxes were properly characterized as an administrative expense. Administrative expenses of a receivership include the costs and expenses necessary to preserve the value of the assets held in the receivership and taxes incurred during the receivership.

R.C. 5739.14 provides that when a person sells or quits his business, any sales tax for which he is liable becomes due and payable immediately. It also provides that:

" * * * [h]is successor shall withhold a sufficient amount of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until the former owner produces a receipt from the tax commissioner showing that the taxes, interest, and penalties have been paid, or a certificate indicating that no taxes are due. If the purchaser of the business or stock of goods fails to withhold purchase money, he shall be personally liable for the payment of taxes, interest, and penalties accrued and unpaid during the operation of the business by the former owner."

In support of its claim that the common pleas court incorrectly concluded that the Ohio sales taxes constituted an administrative expense, appellant relies on the common pleas court decision in *104, Inc. v. Liquor Control Comm.* (1967), 13 Ohio Misc. 75, 42 O.O.2d 127, 233 N.E.2d 622. This case involved the purchase of a business and a liquor license from a receiver. The issue before the court was whether the purchaser of the business and license from the receiver was personally liable pursuant to R.C. 5739.14 for the payment of sales taxes owed by the former owner. The common pleas court concluded that the purchaser in this case was not the "successor" or the

"purchaser" of the former owner because everything that had belonged to the former owner had been taken over by the court in the person of the receiver for the benefit of the creditors. *Id.* at 77, 42 O.O.2d at 129, 233 N.E.2d at 624. While this court acknowledges that the ruling of this decision supports appellant's stance in the present case, we are not bound by this decision nor do we choose to adopt the reasoning of the decision.

R.C. 4303.26(B)(1) provides that when an application for the transfer of ownership of a liquor permit is filed with the Department of Liquor Control, the department shall not transfer ownership of the permit until tax returns known to be delinquent are filed and until any such tax delinquency is resolved.

In turn, under Ohio law, it has been recognized that a liquor permit is a personal privilege and may not properly be characterized as "property" within the meaning of federal tax lien laws. *Paramount Finance Co. v. S & C Tavern, Inc.* (N.D.Ohio 1965), 245 F.Supp. 766, 768.

Thus, until the receiver dealt with the delinquent sales tax and had the suspension lifted from the liquor license, the receiver effectively had no asset to sell. While the receiver could sell this "suspended asset," he could not get the market value for this permit that he would get absent the delinquent sales tax. No purchaser would pay the going sales price knowing that he would then be liable for the unpaid sales tax. Due to the realities of the situation, the receiver was going to have to take care of the unpaid sales tax in order to sell the permit either by accepting a reduced price and passing the duty to pay the sales tax on to purchaser or by selling it for the purchase price and taking care of the unpaid sales tax personally.

Because we find that this fits within the standard definition of an administrative expense, we overrule appellant's assignment of error and sustain the decision of the common pleas court.[1]

Finally it has been argued that regardless of the outcome of this decision, the issue would have been moot. The record of this case does not indicate that the receiver has been dismissed by a court from his position and, in fact, the receiver submitted a brief to this action.

*Judgment affirmed.*

---

1. Appellant has submitted as supplemental authority a decision from the United States Court of Appeals for the Sixth Circuit, *In re Terwilliger's Catering Plus, Inc.* (C.A.6, 1990), 911 F.2d 1168. This case does not affect the outcome of our decision. *Terwilliger* and the present case are distinguishable, notably *Terwilliger* involves the application of federal law, while the present case involves state law. Even if the cases were not distinguishable, *Terwilliger* is not binding on this court; at best, it is persuasive if applicable. Of final note, we find the dissent of Judge Norris in *Terwilliger* more persuasive than the majority opinion.

STRAUSBAUGH and WHITESIDE, JJ., concur.

IRENE B. SMART, J., of the Fifth Appellate District, sitting by assignment.