575 P.2d 338
**Richard BASSO, Appellant,**

v.

**ALLSTATE INSURANCE CO., Appellee.**

**No. 2 CA–CIV 2496.**

Court of Appeals of Arizona, Division 2.

Dec. 7, 1977.

Rehearing Denied Jan. 11, 1978.

Review Denied Feb. 15, 1978.

---

Miller, Pitt & Feldman, P. C. by Stanley G. Feldman and Robert A. Kerry, Tucson, for appellant.

Johnson, Tucker, Jessen & Dake, P. A. by Kenneth L. Tucker and Richard H. Oplinger, Phoenix, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal is from a judgment granted appellee (Allstate) in a declaratory judgment action brought by a judgment-creditor in a tort case (Basso), to establish Allstate's liability for payment of interest on the judgment rendered against its insured

in the tort action. Basso claimed Allstate was liable for interest on the entire judgment. Allstate contended its liability for interest was limited to that portion of the judgment within the limits of the insurance policy.

The respective positions of the parties were presented to the trial court by cross-motions for summary judgment. Allstate's motion was granted, and Basso appeals.

Basso was injured when struck by an automobile driven by Allstate's insured Larry T. James. In the tort case Basso was awarded $200,000 damages on October 29, 1975, plus costs and interest. Judgment entered nunc pro tunc to May 31, 1972, the date of trial, specifically provided that interest run from May 31, 1972.

The Allstate insurance policy covering James has a $10,000 limit.[1] On December 9, 1976, appellee paid to appellant and appellant accepted without prejudice to his claimed right to additional interest, the sum of $10,000 plus interest to that date, plus court costs. Appellant contends that Allstate is, nevertheless, obligated to pay interest on the entire judgment, even though it is in excess of the policy limit, because of the following policy provision:

"SUPPLEMENTARY PAYMENTS

To pay, in addition to the applicable limits of liability: (a)  .   .   .   all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or *tendered* or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;" (Emphasis added)

The sole question presented is whether an event occurred terminating Allstate's supplementary payment obligations under the foregoing provision. Allstate's position is that it made a valid "tender" of the policy limit of $10,000 prior to trial on May 31,

1. Basso contested the limits in a separate action. We affirmed the trial court's determination that coverage was limited to $10,000. *Basso v. Allstate Insurance Co.,* 19 Ariz.App. 58, 504 P.2d 1281 (1973).

1972, and was thereby relieved of any obligation to pay interest on the entire amount of the judgment. Appellant challenges Allstate's alleged tender on the basis that it was (1) premature, (2) inadequate, (3) conditional, and (4) unaccompanied by any medium of exchange (check, draft or cash). We agree with appellant's third reason for challenge, i. e., the offer was conditional, and find it unnecessary to consider the others.

Tender, a term of definite legal significance, has been generally defined as:

". . . the act by which one produces and offers to a person holding a claim or demand against him the amount of money which he considers and admits to be due, in satisfaction of such claim or demand, *without any stipulation or condition*." (Emphasis added) 86 C.J.S. Tender § 1.

Our Supreme Court has held that, "A tender, in order to stop the running of costs, interest and penalties, must be unconditional . . ." *Peterson v. Central Arizona Light and Power Company*, 56 Ariz. 231, 237, 107 P.2d 205, 208 (1940). Appellee's offer as set forth by superior court minute entry of May 31, 1972, was proposed ". . . in full settlement of all of the injuries which he suffered as a result of the accident in question." The offer was not a tender in view of its conditional nature. *A. T. Baucum v. Great American Insurance Company of New York*, 370 S.W.2d 863 (Tex.1963); *Butler v. United Pacific Insurance Co.*, 265 Or. 473, 509 P.2d 1184 (1973). The offer was to settle and compromise appellant's entire claim. It does not constitute a valid tender removing Allstate's obligation to pay interest on the entire judgment.

We reverse with directions to enter judgment ordering appellee to pay appellant interest at the legal rate on the unpaid principal amount of the judgment, namely on $190,000, from May 31, 1972 to December 9, 1976, and costs.

HOWARD, C. J., and STEVENS, J., Retired, concur.