598 P.2d 980

Berneice WELCH, Individually and as surviving spouse of Duane Oscar Welch, and as mother and Conservator of the Estate of her minor child, Steven Duane Welch, and Gary Alan Welch, Appellants,

v.

Charles McCLURE and Lillian McClure, husband and wife, and the State of Arizona, Appellees.

The STATE of Arizona, Cross Appellant,

v.

Berneice WELCH, Individually and as surviving spouse of Duane Oscar Welch, and as mother and Conservator of the Estate of her minor child, Steven Duane Welch, and Gary Alan Welch, Cross Appellees.

No. 13952.

Supreme Court of Arizona,
In Banc.

July 2, 1979.

**162**

Healy & Beal, by Robert L. Beal and William T. Healy, Tucson, for appellants-cross appellees.

Lesher, Kimble & Rucker, by William Kimble and Robert O. Lesher, Tucson, for appellees McClure.

John A. LaSota, Jr., former Atty. Gen., Phoenix, Robert K. Corbin, Atty. Gen., by D. B. Udall, Sp. Asst. Atty. Gen., Tucson, for appellee-cross appellant State of Ariz.

HOLOHAN, Justice.

Appellant Berneice Welch filed a wrongful death action against the defendants Charles McClure and his wife and the State of Arizona for causing the death of her husband.

The decedent was employed by the Rainbo Baking Company of Tucson as a truck driver. The defendant Charles McClure was the fleet maintenance supervisor for Rainbo Baking Company and conducted maintenance on the truck which decedent was driving at the time of his death. Decedent was killed when the right front tire on the Rainbo truck deflated suddenly causing his vehicle to swerve out of control striking a guardrail and a nonbreakaway highway sign. Plaintiff alleges negligence and gross negligence on the part of defendant Charles McClure for allowing a much-patched inner tube to be placed in the tire of the right front wheel of the truck. She also alleges negligence and gross negligence on the part of the State of Arizona in placing a nonbreakaway highway sign too close to the traveled portion of the roadway. All parties concede that neither contributory negligence nor assumption of the risk on the part of the decedent are issues in this case.

After trial by jury, verdicts were returned for the plaintiff in the amount of

$125,000 for compensatory damages against the defendants jointly, $200,000 in aggravating circumstances damages against the State of Arizona, and $50,000 in aggravating circumstances damages against the defendants McClure. After the verdicts were returned and judgment entered, plaintiff filed a motion for additur or new trial. Plaintiff sought to have the amount of compensatory damages returned by the jury increased to $375,000. The motion for additur was denied by the trial court. Plaintiff alleges such denial was error and filed a timely appeal.

The defendants do not contest the amount of the verdict for compensatory damages, but they do contest the attempted additur. The defendant State of Arizona filed a cross appeal challenging the granting of aggravating circumstances damages which the state contends are equivalent to punitive damages, a form of damages not returnable against the state.

On motion of defendants McClure the trial court ordered a $50,000 remittitur against the amount of aggravating circumstances damages returned against defendants McClure by the jury. Plaintiff challenges this remittitur arguing that the trial court was without jurisdiction to order such remittitur because the motion filed for remittitur was not timely.

After judgment defendants tendered to the plaintiff the amount of compensatory damages the jury had awarded plus costs and interest to date. The tender was in full settlement of all claims which plaintiff might have had for compensatory damages, and the execution of a partial satisfaction of judgment was requested. The tender was refused by the plaintiff.

After judgment the court awarded costs to plaintiff but endeavored to identify and allocate the specific costs incurred by the plaintiff in prosecuting her claims against each defendant. The plaintiff argues on appeal that the court's action in this respect was error and that the defendants McClure and the State of Arizona should be jointly and severally liable for all costs incurred by plaintiff. The issues raised on appeal are as follows:

1) Are aggravating circumstances damages as set out in A.R.S. § 12–613 equivalent to punitive damages? If so, are punitive damages recoverable against the state absent statutory authority?

2) Did the trial court commit error in refusing to grant an additur to plaintiff's verdict for compensatory damages?

3) Did the trial court err in ordering a remittitur in the amount of $50,000 against the aggravating circumstances damages verdict returned against defendants McClure?

4) Are the defendants jointly and severally liable for all of plaintiff's costs?

5) Did the tender by defendants of the amount of compensatory damages plus costs and interest to date relieve the defendants from the obligation to pay interest on the amount of the verdict during appeal?

■ The first question which must be answered is whether aggravating circumstances damages as set out in A.R.S. § 12–613 * allow for the recovery of a special kind of damages akin to but separate and apart from punitive damages. This court has previously held that the words "aggravating circumstances" as used in A.R.S. § 12–613 were a clear application of legislative intent to allow punitive damages in wrongful death actions. *Boies v. Cole*, 99 Ariz. 198, 407 P.2d 917 (1965). We feel that it is clear that the words "aggravating circumstances" do not provide for a separate category of damages above and beyond punitive damages and that plaintiff's verdict for $200,000 against the state was in fact punitive damages.

---

* A.R.S. § 12–613 reads as follows:

In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. The amount recovered in such action shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate.

■ The state cannot be held liable for punitive damages in the absence of specific statutory authorization. *State v. Sanchez*, 119 Ariz. 64, 579 P.2d 568 (App.1978). In *Sanchez* the Court of Appeals specifically found that the wording of A.R.S. § 12–613 did not specifically authorize the granting of punitive damages against the state. Since no statutory authorization for punitive damages exists in the case at hand, plaintiff's judgment against the State of Arizona for punitive damages in the amount of $200,000 must be reversed.

■ The jury returned verdicts in favor of plaintiff against both defendants in the amount of $125,000 in compensatory damages. In plaintiff's new trial motion, plaintiff requested an additur in the amount of $375,000. The trial court rejected this request for additur and the plaintiff alleges on appeal that such rejection was error. We have ruled that we will not disturb a trial judge's ruling regarding the adequacy of a verdict unless that verdict is so inadequate as to be without support in the evidence or the result of passion or prejudice. *Carr v. Florian*, 43 Ariz. 149, 29 P.2d 728 (1934). We have also held that we would view the evidence in a light most favorable to sustaining the verdict and that, if reasonable men could have agreed with the jury's figure, that verdict would be sustained unless it was so exorbitant as to indicate passion, prejudice, mistake or complete disregard of the evidence and instructions. *Meyer v. Ricklick*, 99 Ariz. 355, 409 P.2d 280 (1965). We have also held that we must sustain a verdict if there is substantial evidence from which reasonable men could have found the amount in question. *Tucson Utility Supplies, Inc. v. Gallagher*, 102 Ariz. 499, 433 P.2d 629 (1967). The underlying principle of all these cases is that if the verdict is supported by adequate evidence it will not be disturbed, and the greatest possible discretion is in the hands of the trial judge. *Creamer v. Troiano*, 108 Ariz. 573, 503 P.2d 794 (1972). In the case at hand a verdict of $125,000 is not so grossly inadequate as to indicate that it was arrived at through passion or prejudice. Our review of the evidence indicates that the amount of

the award in question was within the range which a jury could reasonably have found from the evidence as presented. There was no error in denial of the request for additur.

Plaintiff's next argument is that the trial court erred in granting a remittitur of the punitive damage portion of the judgment against defendants McClure. It appears that the defendants McClure filed their motion for new trial and for judgment notwithstanding the verdict, one day late. A motion for new trial or judgment n. o. v. must be filed no later than 15 days after entry of judgment. 16 A.R.S. Rules of Civil Procedure, rules 50(b) and 59(d). The time limits provided in the foregoing rules may not be enlarged. 16 A.R.S. Rules of Civil Procedure, rule 6(b). In *Edwards v. Young*, 107 Ariz. 283, 285, 486 P.2d 181, 183 (1971), this court stated:

> "We are convinced that where, as here, the rules of civil procedure specifically recognize that the time for filing of a motion for a new trial may not be enlarged, the efficacy of the rule depends upon the willingness of the courts to enforce it."

■ It is clear that the time limits provided for filing a motion for new trial under rule 59(d) or for judgment n. o. v. under rule 50(b) are to be strictly applied.

Defendants McClure argue that their untimely motion should have been treated as a motion for relief from judgment under 16 A.R.S. Rules of Civil Procedure, rule 60(c). In support thereof they cite *Laguna Royalty Co. v. Marsh*, 350 F.2d 817 (5th Cir. 1965), and *Sternstein v. "Italia"-Societa Per Azioni Di Navigazione-Genoa*, 275 F.2d 502 (2d Cir. 1960). Neither of the cited cases is analogous to the case at issue. We agree that in proper circumstances an untimely motion for new trial could be treated as a motion for relief from judgment under rule 60(c). This is the practice in the federal courts as is pointed out in 6A Moore's Federal Practice ¶ 59.09[3], which states:

> ". . . If, however, the [new trial] motion is not timely, the trial court may not exercise any discretion, but is obligat-

ed to deny the motion for lack of power to grant new trial relief; although the court may treat the untimely motion as one for relief under Rule 60, which has a much longer time limit, *if the facts alleged in the motion warrant relief under the latter rule.*" (Emphasis added.)

Moore's Federal Practice again states this rule at ¶ 59.04[7] at 26:

"Although a motion is made under Rule 59, if it is not timely so that it may not properly be considered thereunder, it may, nevertheless, be considered as a motion under Rule 60 *when it states grounds for relief under this latter rule.*" (Emphasis added.)

■ The crucial factor to be considered on this issue is whether the defendants' motion sets forth grounds for relief recognized by rule 60(c). If the motion does not set forth a basis recognized by the rule for setting aside a judgment, relief must be denied. *See John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.*, 239 F.2d 815 (3d Cir. 1956). A rule 60(c) motion is not a device for weighing evidence or reviewing legal errors. *See Hahn v. Becker*, 551 F.2d 741 (7th Cir. 1977); *Matter of Estate of Balcomb*, 114 Ariz. 519, 562 P.2d 399 (App.1977). An examination of the motion in question discloses that it did not allege any of the grounds set forth in rule 60(c), but the grounds set forth in the motion were appropriate for relief under rule 59(a), if filed timely.

The ruling by the trial judge in granting the remittitur stated:

"THE COURT FEELS that there were absolutely no facts that the jury could have found that defendants McClure's actions were of an aggravating nature. It is true that one of the witnesses testified that Mr. McClure's policy in regard to inner tubes was that 'if it holds air, put it on'. The court feels, however, that this makes a case of ordinary negligence. There is no testimony in the trial that Mr. McClure should have known that his action or lack of action on his part resulted in any danger to Mr. Welch."

■ It does not appear that the trial judge treated the motion as one under rule 60(c); nor does it appear that he should have. Under the circumstances presented the granting of the remittitur was error.

Plaintiff next challenges the method by which the trial court awarded costs. The trial judge assessed the amount of costs attributable to plaintiff's prosecution of her claim against each defendant.

■ A.R.S. § 12–341 provides that the successful party to a civil action is entitled to recover his costs from his adversary. *See also* 16 A.R.S. Rules of Civil Procedure, rule 54(f); *Trollope v. Koerner*, 21 Ariz.App. 43, 515 P.2d 340 (1973). The statute is silent on the method to be followed when there are more than one unsuccessful adversary. The general rule is that total costs are taxed against defendants who are jointly and severally liable on the judgment. *See Prince Hall Lodge v. Universal Lodge*, 62 Wash.2d 28, 381 P.2d 130 (1963), *cert. denied*, 375 U.S. 945, 84 S.Ct. 352, 11 L.Ed.2d 275; 20 C.J.S. *Costs* § 13. Some jurisdictions vary the general rule based on equitable considerations. *Gasperson v. Madill National Bank*, 455 S.W.2d 381 (Tex.Civ.App.1970), but the basis of such apportionment often rests on the wording of a statute allowing discretion by the trial court in taxing costs. *See Blanchard v. Rodrigue*, 340 So.2d 1001 (La.App.1976). We see no reason to depart from the general rule in this case. The costs should not have been apportioned, and each defendant should be liable jointly and severally for the total costs.

The last point raised by the parties concerns the amount of interest which defendants are required to pay on the judgment. After the verdict was returned defendants tendered to plaintiff the total amount of the compensatory damages verdict plus interest conditioned only on satisfaction of plaintiff's claim for compensatory damages. Plaintiff refused the tender in order to pursue her claim for additur on appeal.

■ For a tender to stop the running of interest on a judgment, it must be unconditional. *Peterson v. Central Arizona*

**166**

*Light and Power Co.*, 56 Ariz. 231, 107 P.2d 205 (1940). The defendants made an offer which was conditioned on the execution of a partial satisfaction of judgment. The offer by the defendants was not unconditional and therefore was not a tender. *See Basso v. Allstate Insurance Co.*, 118 Ariz. 139, 575 P.2d 338 (App.1977). The unaccepted offer by the defendants does not stop the running of interest on the judgment.

In summary, the judgment against the State of Arizona for $200,000 for aggravating circumstances is reversed; the order for remittitur in favor of defendants McClure is reversed, and the trial court is directed to reinstate the sum of $50,000 in the judgment; the judgment for $125,000 in favor of plaintiff against the defendants is affirmed; the order apportioning costs is vacated and judgment shall enter for all allowed costs against all the defendants; interest on the judgments is payable from date of entry. The parties shall each bear their own costs of appeal.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, and GORDON, JJ., concur.