990 P.2d 647

**Victoria Elizabeth MARTINEZ, a single person, Plaintiff–Appellant,**

**v.**

**Mary Patricia BINSFIELD and John Doe Binsfield, wife and husband; Jeannette Theresa Shultz and Walter Schultz, wife and husband, Defendants–Appellees.**

**Nos. 1 CA–CV 98–0302, 1 CA–CV 98–0544.**

Court of Appeals of Arizona, Division 1, Department E.

March 9, 1999.

Review Granted Oct. 26, 1999.

---

Warnock, MacKinlay & Associates, P.L.L.C. by Brian R. Warnock, Jay MacKinlay, Phoenix, Attorneys for Plaintiff–Appellant.

Law Offices of Joseph A. Kula by Robert R. Byrne, Phoenix, Attorneys for Defendants–Appellees, Binsfield.

Jones, Skelton & Hochuli by Christine R. Taradash, Ronald R. Collett, Phoenix, Attorneys for Defendants–Appellees, Shultz.

## OPINION

LANKFORD, Judge.

¶ 1 This appeal by plaintiff Victoria Martinez raises a novel question: Must a civil action referred to arbitration proceed under the timetable for civil trials or under the schedule for civil actions referred to arbitration? Plaintiff appeals from the trial court's refusal to vacate its order of dismissal of her case for failure to prosecute. Because the court misapplied the civil trial timetable to an arbitration, we reverse and remand.

¶ 2 The facts are as follows. Martinez was injured in an automobile accident involving defendants Binsfield and Shultz on September 6, 1994. Martinez filed a complaint in superior court on August 29, 1995. She certified the case as subject to compulsory arbitration. See Unif. R.P. Arbitration ("Arbitration Rules") 1(e).

¶ 3 For a variety of reasons, the case stumbled along the arbitration track, taking longer than contemplated by the Arbitration Rules. Not all of the delay is attributable to the parties. For example, the superior court did not promptly initiate the process for appointment of an arbitrator. See Arbitration Rule 2. The arbitrator also continued the scheduled hearing dates several times at the request of the parties, or at the unopposed request of plaintiff.[1]

¶ 4 On July 23, 1997, nearly two years after the case had been set on the arbitration track, the court administrator issued a form order, placing the case on the trial court's inactive calendar, pursuant to Rule V(e), Uniform Rules of Practice of the Superior Court of Arizona ("Practice Rules").[2] The order stated that the case would be dismissed September 21, 1997, unless: (1) a motion to set and certificate of readiness was filed; (2) a final·judgment was entered; or (3) the case was continued pursuant to Practice Rule V(e)(2). At the time the order was filed, no arbitration hearing had been held.

¶ 5 In response to the court administrator's order, the parties stipulated to extend the Practice Rule V deadlines to "avert the premature filing of Lists of Witnesses and Exhibits" and to allow completion of the arbitration process. The court administrator subsequently vacated the July 23, 1997 minute entry. On September 23, however, the court administrator issued yet another form order, virtually identical to the previous one, placing the case on the inactive calendar and setting a dismissal date of November 22, 1997.

¶ 6 Meanwhile, on September 29, 1997, the arbitrator scheduled an arbitration hearing for October 21. Several days later, on October 3, the superior court judge to whom the case had been assigned prior to the arbitration referral issued a minute entry. He treated the parties' stipulation to extend the Practice Rule V deadlines as a joint motion to continue. The judge concluded that the stipulation "failed to state good cause for such a continuance." However, he allowed the parties to submit an amended stipulation showing good cause to continue and specifically "detail[ing] why no arbitration ha[d] occurred to date."

¶ 7 Plaintiff Martinez filed a motion in response to the trial judge's minute entry, explaining why·the arbitration had not occurred.[3] In the motion, Martinez noted that

---

1. The initial arbitration hearing was set for June 10, 1996. At the time the case was dismissed by the trial court, the hearing was scheduled for February 11, 1998.

2. Practice Rule V(e) states:

   The clerk of the court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been filed within nine months after the commencement thereof.... All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution ... unless prior to the expiration of such two months period:

   (1) A proper Motion to Set and Certificate of Readiness is filed; or

   (2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal.

3. The motion asserted that the arbitration hearing had been continued because the parties determined that a jury trial may be necessary.

the arbitration hearing would take place "[a]t the very least . . . within the next thirty (30) days." The parties later filed another stipulation to extend the deadlines imposed by the trial court's minute entry. On November 13, the arbitrator ruled on this stipulation. Finding good cause for an extension, he ordered that the Practice Rule V date for dismissal be extended until April 15, 1998, "to allow the parties to complete the arbitration process."

¶ 8 Nevertheless, the judge ordered the case dismissed by minute entry order dated December 11. He decided that Martinez had "failed to demonstrate good cause to continue this . . . case once again." Subsequently, on January 20, 1998, the court administrator issued a form order of dismissal pursuant to Practice Rule V(e).

¶ 9 On January 28, 1998, Martinez filed a motion for reinstatement, arguing that the case should not have been dismissed because she had been "actively pursuing her claim."[4] On March 10, 1998, the judge ruled on Martinez' motion. Although the judge noted that when he dismissed the case he was unaware of both the parties' stipulation to extend the

deadlines and the arbitrator's order continuing the case, he denied the motion for reinstatement. The judge's order explained:

> The arbitrator had no inherent authority to continue matters on the Court's administrative calendar. Furthermore, it was inappropriate for Plaintiff's counsel to submit a stipulation and order to continue the case on the inactive calendar to the arbitrator, knowing that this Court had previously denied a motion to continue on the inactive calendar (September 29, 1997), and knowing that a motion to continue dated October 20, 1997 was pending before this court.

¶ 10 Martinez appeals from the denial of her motion. The Shultz Appellees have contested the appeal and filed an answering brief; the Binsfield Appellees have not. We have jurisdiction pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(C) (1994).

¶ 11 Plaintiff's motion for reinstatement was in effect a motion for relief from judgment under Rule 60(c), Arizona Rules of Civil Procedure ("Civil Rules"). It sought to vacate the dismissal and reinstate the case.[5]

---

Martinez noted that discovery had occurred, and that, specifically, defendants had conducted an independent medical examination.

4. Martinez' counsel claimed he did not receive a copy of the December 11, 1997 minute entry dismissing the case until opposing counsel faxed him a copy of the minute entry on January 25, 1998. Although this motion did not cite Rule 60(c), Arizona Rules of Civil Procedure, it sought the relief afforded by that rule, namely, that the dismissal order be vacated.

5. The plaintiff's motion did not cite Civil Rule 60, but that did not make it a motion for something else, or under some other rule. The motion asked for the relief of vacating the dismissal order, which is Civil Rule 60 relief.

Motions are governed by Civil Rule 7(b)(1). It provides that motions "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Citing the precise rule is not required. Moreover, the particularity requirement is not strictly applied:

> The particularity requirement is flexible and has been interpreted liberally by the courts. The liberal construction of Rule 7(b)(1) is consistent with the admonition that the civil procedure rules "be construed and administered

to secure the just, speedy and inexpensive determination of every action". . . .

> In the absence of a showing of prejudice, the substance of a motion rather than its form will usually be considered. Motions worded very generally have been found sufficiently particular where the opposing party had notice of the specific basis for the motion.

2 Jeremy C. Moore et al., Moore's Federal Practice § 7.03[4][a], at 7–16 (3d ed.1998) (quoting analogous Federal Rule of Civil Procedure 1).

This general approach applies to Civil Rule 60 motions. "Nomenclature is not important. The label or description that a party puts on its motion does not control whether the party should be granted or denied relief." 12 id. § 60.64, at 60–196. "The crucial factor to be considered on this issue [whether a Rule 59 motion should be treated as one under Rule 60] is whether the defendants' motion sets forth grounds for relief recognized by Rule 60(c)." Welch v. McClure, 123 Ariz. 161, 165, 598 P.2d 980, 984 (1979) (trial judge correctly did not treat motion as one under Rule 60).

Thus, neither the fact that the motion did not cite the rule nor that it was labeled as a motion for "reinstatement" is important. The motion clearly sought to vacate the dismissal and stated colorable grounds for Civil Rule 60 relief. This is not a situation in which the motion must refer to the correct rule, as a motion must if it is to

Accordingly, we review the trial court's denial of the motion with deference, and we review only for an abuse of discretion. *See Gorman v. City of Phoenix*, 152 Ariz. 179, 182, 731 P.2d 74, 77 (1987); *Copeland v. Arizona Veterans Mem'l Coliseum*, 176 Ariz. 86, 89, 859 P.2d 196, 199 (App.1993). It is an abuse of discretion for the court to misapply the law or to apply the wrong legal standards or principles. *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328–29, 697 P.2d 1073, 1078–79 (1985) (trial court's discretion under Civil Rule 60(c) does not enable it to misapply the law or legal principles). The rules themselves answer this question and compel the conclusion. We hold that the Arbitration Rules govern cases referred to arbitration. Because the superior court erroneously applied the Practice Rules instead, we reverse.

¶ 12 The Practice Rules shed only a little light on the issue. Practice Rule V(b) requires a motion to set and certificate of readiness in "every civil case." A civil case that is subject to compulsory arbitration is still a civil case. However, Practice Rule V does not specifically address cases that have been referred to arbitration.[6] And the title of Practice Rule V refers to the setting of cases for "trial." The Practice Rules thus do not indicate that matters referred to arbitration are subject to the directives of Practice Rule V.

¶ 13 The Arbitration Rules are more helpful. Arbitration Rule 7(a) reveals how and when an arbitration case interacts with Practice Rule V. A modified motion to set is filed after an arbitration award is entered and appealed to the court for a trial de novo. Arbitration Rule 7(a) specifically provides for a procedure that supplants Practice Rule V:

> The notice of appeal shall be entitled "Appeal From Arbitration and Motion to Set for Trial" and shall request that the case be set for trial in the Superior Court.....

The Appeal From Arbitration and Motion to Set for Trial shall serve *in place of* a Motion to Set and Certificate of Readiness under Rule V(b), Uniform Rules of Practice.

(Emphasis added). Arbitration Rule 7(g) also describes how discovery and the exchange of lists of witnesses and exhibits shall be conducted after filing the notice of appeal. This is a different procedure than that prescribed by Practice Rule V(a) for non-arbitration cases. In short, Arbitration Rule 7 specifically adapts and supplants Practice Rule V to a case that has already proceeded to arbitration. Arbitration Rule 7 governs such a case, not Practice Rule V.

¶ 14 The Arbitration Rules also reveal that while the case is in arbitration, its progress is controlled exclusively by the Arbitration Rules. The rules set forth detailed time requirements, including Arbitration Rule 4(a), which states:

> The arbitrator shall fix a time for hearing, which hearing shall commence no more than one hundred twenty (120) days after the appointment of the arbitrator. The arbitrator shall, unless waived by the parties, give at least thirty days' notice in writing to the parties of the time and place of the hearing. *The arbitrator may shorten or extend these time periods for good cause.*

(Emphasis added). *See also* Arbitration Rules 2(d) (assignment of case to arbitrator); 4(d) (prehearing statement); 5(a) (10 days from completion of hearing to notice of decision); 7(a) (20 days from filing award to file notice of appeal requesting superior court trial). Arbitration Rule 4(a) thus gives the arbitrator authority over the timing of the arbitration. That authority is confirmed by Arbitration Rule 3, which states that "the arbitrator shall make all legal rulings, including rulings on motions."[7]

---

extend the time for appeal. *See* 1 State Bar of Arizona, Arizona Appellate Handbook § 3.3.1.2, at 3–28 (Jefferson L. Lankford & Paul G. Ulrich eds., 3d ed.1996).

6. The rule indicates that a motion to set must certify whether the case is subject to compulsory arbitration practice. *See* Practice Rule V(b). This does not mean that a case referred to arbitration is subject to a motion to set. Rather, it is

a means of distinguishing those cases that are subject to trial and those that are not because they are subject to compulsory arbitration. Thus, a motion certifying a case as both ready for trial and yet subject to arbitration is improper.

7. The dissent implies that the arbitrator had no authority to extend the Practice Rule V deadlines. This misses the point that those deadlines

¶ 15 Accordingly, we hold that the time in which an arbitration proceeds is governed by the Arbitration Rules, not by Practice Rule V. The Schultz Appellees argue that this cannot be so, for it would permit a case to languish forever in arbitration proceedings. However, this argument wrongly assumes that application of Practice Rule V is the only way to keep arbitration cases moving forward. Our supreme court foresaw the possibility of a stalled arbitration and provided for it in the Arbitration Rules.

¶ 16 The Arbitration Rules provide two checks on the progress of an arbitration: one involves arbitrators, and the other involves judges. First, the arbitrator has authority to dismiss a case for failure to prosecute. Arbitration Rule 3 states that the Civil Rules apply to arbitrations where those rules are not inconsistent with the Arbitration Rules. Civil Rule 41(b) provides that a case may be dismissed for the plaintiff's failure to prosecute it. Thus, an arbitrator may dismiss a case that is not progressing, and the availability of this remedy provides leverage to keep the matter on track.

¶ 17 The second check is that the superior court judge may intervene when a matter subject to arbitration has not been decided within the time provided by the rules. Arbitration Rule 5(b) [8] provides:

> If the arbitrator does not file an award with the Clerk of the Superior Court within one hundred and twenty (120) days after the appointment of the arbitrator, the Superior Court Clerk or the Court Administrator shall refer the case to the judge to whom the case has been assigned for appropriate action.

¶ 18 This rule accomplishes two ends. First, it provides an automatic check on the progress of the case by requiring that it be referred to the judge when it nears the outer limit of the time for arbitration. Second, the rule places ultimate responsibility for the progress of an arbitration with the judge. That ensures that the case will not be stalled by an arbitrator's failure to apply Civil Rule 41(b) or failure to adhere to the time requirements of Arbitration Rule 4(a).

¶ 19 Arbitration Rule 5 is important to our decision because it defines the authority of a superior court judge over an arbitration matter.[9] To understand how this rule operates, it is important to note that it is triggered by the passage of 120 days from the date of the appointment of the arbitrator. Under Arbitration Rule 4(a), 120 days is the presumptive maximum time within which the arbitrator is to commence a hearing. Yet the arbitration proceeding may require additional time to reach a conclusion. There may be one or more hearing days, and Arbitration Rule 5(a) allows the arbitrator ten more days following the completion of the hearing to issue an award. Moreover, the arbitrator may grant continuances beyond 120 days. Thus, Arbitration Rule 5(b) requires a referral to the superior court judge at the 120-day mark, when the arbitration has approached the presumptive Arbitration Rule 4 deadline, *even if the arbitration is on schedule and no continuances have been granted,* and even if any delay has been authorized by order of the arbitrator.

¶ 20 Arbitration Rule 5(b) includes two procedural steps. The first is that the superior court clerk or court administrator "refer the case" to the judge. The second is that the judge may take "appropriate action." We believe that the latter grants very broad authority to the superior court judge. For example, the judge might order the arbitrator to schedule a hearing in a matter in which none had yet been scheduled. The judge might direct the arbitrator not to grant

did not apply, and that the trial judge erred in applying them. It is the judge's order and not the arbitrator's that is at issue here.

8. At the time this matter was pending, the rule provided 90 days, not 120 days. Our opinion will refer to the current version.

9. Appellees argue that the superior court has subject matter jurisdiction over cases subject to compulsory arbitration, and we agree. Subject matter jurisdiction is not the only limit on a court's "jurisdiction" or authority, however. *See generally Taliaferro v. Taliaferro,* 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996) (The term "jurisdiction" means different things in different contexts). We have no doubt that the supreme court may, by adopting the Arbitration Rules, divide the responsibilities in an arbitration proceeding between the arbitrator and the judge.

additional continuances in a matter which had been repeatedly continued. On the other hand, the judge might review the file and determine that the arbitration is proceeding timely, or that any grant of a continuance has been supported by good cause, and as a result issue no orders.

¶ 21 The fact that the judge may review the arbitration proceeding even if there have been no continuances and no rule violations suggests that some exercise of considered discretion is involved after an Arbitration Rule 5(b) referral. In other words, the referral does not necessarily mean that something is amiss; the judge must first examine the case to determine whether there is a problem. Moreover, the broad range of "appropriate action" available to the judge— from supporting the arbitrator's schedule to directing that the arbitrator comply with a different schedule—supports the idea that the judge is making a decision based on the circumstances of the particular arbitration proceeding. In short, the judge must both assess whether there is a problem and, if there is, decide what to do about it.

¶ 22 The other provision of Arbitration Rule 5(b), that the clerk or administrator "refer the case" to the judge, reinforces this notion. The rule contemplates that the matter be passed on for a judge's decision, not that it is to be resolved by the court administrator's issuance of form minute entries under Practice Rule V. Accordingly, a judge who intervenes in a pending arbitration, acting under authority of this rule, makes a decision based on the status and circumstances of the arbitration. That does not include consideration of form minute entries issued under Practice Rule V because, as we noted above, that rule does not apply to matters in arbitration, except in its modified form *after* an appeal from an arbitration award.

¶ 23 The judge's orders in this case reveal error. They reflect that he denied motions to continue the case on the inactive calendar as if this were a matter headed for trial without arbitration, not that he considered the circumstances of the particular arbitration proceeding. Although the dissent remarks that the judge took "appro-priate action" to deal with a stalled arbitration proceeding, that is not what occurred. The case was terminated because Practice Rule V deadlines had been exceeded, not because the progress of the case as an arbitration had been assessed. Because the judge must exercise judgment and discretion based on the state of the arbitration proceeding, and because the judge instead decided based on inapplicable Practice Rule V considerations, it was an abuse of discretion to refuse relief from the order of dismissal.

¶ 24 Accordingly, the superior court's order is reversed and this case is remanded for further proceedings.

JON W. THOMPSON, Presiding Judge, concurs.

NOYES, Judge, dissenting.

¶ 25 The trial court did what it was supposed to do when notified that the case had been in arbitration for over eighteen months but had not yet gone to a hearing: The court asked the parties to show good cause for any more delay. When the parties failed to show good cause, the court denied their motion. The parties still had time to have an arbitration hearing and to then file a timely motion to set and certificate of readiness. But rather than try to comply with the court's order, the lawyers tried to evade it: They went to the *arbitrator* and got him to sign the following order: "IT IS HEREBY ORDERED that the Court's Notice of Placement on Inactive Calendar dated September 25, 1997, setting this matter for dismissal on November 22, 1997, be extended until April 15, 1998, to allow the parties to complete the arbitration process."

¶ 26 When the court found out that it had been purportedly overruled by the arbitrator, it issued a minute entry that was well-reasoned and remarkably restrained:

The arbitrator had no inherent authority to continue matters on the Court's administrative calendar. Furthermore, it was inappropriate for Plaintiff's counsel to submit a stipulation and order to continue this case on the inactive calendar to the arbitrator, knowing that this Court had previously denied a motion to continue on the

inactive calendar (September 29, 1997), and knowing that a motion to continue dated October 20, 1997 was pending before this Court. Therefore, IT IS ORDERED denying Plaintiff's Motion for Reinstatement.

¶ 27 The majority does not criticize the trial court's findings; rather, it concludes that the trial court had no authority to act because Uniform Rule V "does not apply to matters in arbitration." That proposition will startle the authors of the arbitration rules. The self-evident expectation of the rule-makers is that a case will be arbitrated within the Uniform Rule V framework. In other words, the Uniform Rule V clock is ticking while the case is in arbitration.

¶ 28 Uniform Rule V provides that all civil cases in which a motion to set and certificate of readiness has not been filed "within nine months after the commencement thereof" shall be placed on the inactive calendar for dismissal. Arbitration Rule 4 provides a faster track: The hearing is to commence no more than four months (120 days) after appointment of the arbitrator. Arbitration Rule 5 gives the arbitrator 10 days to file a decision. Arbitration Rule 7 gives a party 20 days to appeal, and it provides that the notice of appeal serves as the motion to set and certificate of readiness required by Uniform Rule V.

¶ 29 Arbitration Rule 5(b) leaves no doubt that the trial court is ultimately responsible for the progress of a case in arbitration. It provides that, if the arbitrator has not filed an award within 120 days of his appointment, the court clerk or administrator "shall refer the case to the judge to whom the case has been assigned for appropriate action." That is what eventually happened here. About 570 days after the arbitrator was appointed, this inactive case got referred to the judge, who took appropriate action. When the lawyers did not respond with appropriate action, the judge properly dismissed the case for lack of prosecution.

¶ 30 The judgment of dismissal should be affirmed.