999 P.2d 810

**Victoria Elizabeth MARTINEZ, a single person, Plaintiff–Appellant,**

**v.**

**Mary Patricia BINSFIELD and John Doe Binsfield, wife and husband; Jeannette Theresa Shultz and Walter Shultz, wife and husband, Defendants–Appellees.**

**No. CV–99–0146–PR.**

Supreme Court of Arizona,
En Banc.

May 31, 2000.

Warnock, MacKinlay & Associates By Brian R. Warnock and Jay MacKinlay, Phoenix, Attorneys for Victoria Elizabeth Martinez.

Lewin & Schneider By Jon D. Schneider, Phoenix, Attorneys for Mary Patricia Binsfield and Joseph Binsfield.

Jones, Skelton & Hochuli By Ronald W. Collett, Eileen J. Dennis, Phoenix, Attorneys for Jeannette T. Shultz and Walter Shultz.

Janet A. Napolitano, Attorney General By Teresa M. Voss, Assistant Attorney General, Phoenix, Attorneys for Amicus Curiae Judge Skelly.

### OPINION.

MARTONE, Justice.

¶ 1 We are asked to decide whether civil actions subject to mandatory court annexed arbitration are nevertheless still subject to the time deadlines imposed by Rule V(e),

Uniform Rules of Practice of the Superior Court of Arizona. We hold that they are.

## I

¶ 2 This is an action in tort brought by Martinez against Binsfield and Shultz seeking damages for personal injuries arising out of an automobile accident. The complaint was filed on August 29, 1995, and the matter was certified as subject to compulsory arbitration under Rule 1(e), Uniform Rules of Procedure for Arbitration.

¶ 3 Relatively small claims are subject to compulsory arbitration because it is thought that something short of a full-blown adversary adjudicatory proceeding is a more efficient and cost-effective way of resolving such disputes. *See* Rule 3, Unif. R.P. Arb. ("[T]he purpose of compulsory arbitration is to provide for the efficient and inexpensive handling of small claims."). One would think that such claims would be resolved sooner than the larger claims which are not subject to mandatory arbitration. Unfortunately, as this case shows, such is not always the case. To fully appreciate this, we indulge in some detail.

¶ 4 On October 19, 1995, the court administrator appointed an arbitrator. Martinez struck the arbitrator. On February 9, 1996, the court administrator appointed a new arbitrator. The defendant Shultz struck the new arbitrator. On February 29, 1996, the court administrator appointed a third arbitrator whom we shall hereinafter refer to as the arbitrator.

¶ 5 On April 30, 1996, the parties stipulated to continue the arbitration hearing. No reasons were given. Notwithstanding the fact that Rule 4(a), Uniform Rules of Procedure for Arbitration, requires that the hearing take place no more than 120 days after his appointment, the arbitrator granted the continuance without any showing of good cause within the meaning of Rule 4(a). The arbitrator reset the hearing until June 10, 1996. But on that day, the parties stipulated to another extension and again failed to state any reasons for the extension that might constitute good cause. Once again, on June 13, 1996, the arbitrator granted the exten-

sion. On November 5, 1996, the parties stipulated to vacate the rescheduled hearing and on that same date the arbitrator vacated the hearing. Neither the stipulation nor the order made any effort to show good cause.

¶ 6 There is then nothing in the file until May 27, 1997. It is essentially a black hole. One would have to conclude that all parts of the system failed. The arbitrator failed to hold a hearing. The court administrator failed to refer the case to the judge to whom the case was assigned under Rule 5(b), Uniform Rules of Procedure for Arbitration, and likewise failed to place the case on the inactive calendar under Uniform Rule V(e). And the lawyers did nothing to move the case along, encourage the arbitrator to act, encourage the court administrator to act, or seek the assistance of the trial judge.

¶ 7 Finally, on July 23, 1997, the court administrator issued a minute entry placing the case on the inactive calendar for dismissal on September 21, 1997 under Uniform Rule V(e). Instead of showing good cause for an extension, the parties filed a stipulation on September 18, 1997 (three days before the dismissal date) to extend the deadline until January 21, 1998, claiming that this would allow the parties to complete arbitration. On that same day, the court administrator inexplicably vacated the order of July 23, 1997, which had placed the case on the inactive calendar. Five days later, on September 23, 1997, the court administrator issued another minute entry placing the case on the inactive calendar for dismissal on November 22, 1997. No explanation for this bizarre turn of events appears of record.

¶ 8 At long last, on September 29, 1997, the arbitrator scheduled a hearing for October 21, 1997. On October 3, 1997, the trial judge, having been presented with the parties' stipulation filed on September 18, quite properly treated the stipulation as a joint motion. He noted that this was a 1995 case and that the parties had stated no good cause for a continuance. He thus denied their request and gave them fifteen days within which to show good cause why no arbitration had occurred. On October 20, 1997, Martinez filed a motion to extend deadlines which presumably was in response to the trial

judge's order. It was, however, served on the arbitrator, not the trial judge. It claimed, among other things, that the injuries were not stationary and that there were settlement discussions. On November 12, 1997, the parties stipulated to extend yet again the inactive calendar dismissal date to March 22, 1998, and sent that stipulation to the arbitrator, not the judge. On November 19, 1997, the arbitrator granted an extension, again with no showing of good cause, until April 15, 1998. All of this took place while the trial judge had under consideration the parties' motion to extend. On December 11, 1997, upon consideration of the motion to extend, the trial judge found no good cause and dismissed the case without prejudice.

¶ 9   On March 13, 1998, the trial judge denied Martinez' motion for reinstatement and said:

> Unbeknownst to this Court, the stipulation to continue the case on the inactive calendar was delivered to the arbitrator, and the arbitrator signed an order continuing this matter on the inactive calendar through April 15, 1998.

> The arbitrator had no inherent authority to continue matters on the Court's administrative calendar. Furthermore, it was inappropriate for Plaintiff's counsel to submit a stipulation and order to continue this case on the inactive calendar to the arbitrator, knowing that this Court had previously denied a motion to continue on the inactive calendar (September 29, 1997), and knowing that a motion to continue dated October 20, 1997 was pending before this court.

Minute entry dated Mar. 13, 1998 at 1–2.

¶ 10   The court of appeals reversed. It held that Uniform Rule V(e) does not apply to civil actions assigned to arbitration. *Martinez v. Binsfield*, 195 Ariz. 446, 451, 990 P.2d 647, 652 (1999). Concluding that "the Uniform Rule V clock is ticking while the case is in arbitration," Judge Noyes dissented. *Id.* at 453, 990 P.2d at 654 (Noyes, J., dissenting). Because of the obvious importance of this issue to the adjudication of civil actions in the superior court, we granted review. Rule 23(c)(3), Ariz. R. Civ.App. P.

## II.

¶ 11   Much went wrong in this case, some of which is attributable to the arbitrator and the court administrator. Neither enforced the rules. But the legal significance of their actions will have to be evaluated on remand. We focus only on the issue presented: whether Uniform Rule V(e) applies to cases assigned to arbitration.

¶ 12   We acknowledge that the relationship between Uniform Rule V and the Uniform Rules of Procedure for Arbitration is not as express as it could be. But we think in context and practice, the relationship is apparent. Uniform Rule V(b) provides that a motion to set and certificate of readiness shall be filed "[i]n every civil case." If it is not filed within nine months after the complaint is filed, the case is placed on the inactive calendar under Uniform Rule V(e). A party then has two more months within which to file a proper motion to set or else the case will be dismissed without prejudice for lack of prosecution unless the court, on motion for good cause, continues the case on the inactive calendar. Rule V(e), Unif. R. Prac.

¶ 13   There is nothing in this procedure that excepts cases assigned to arbitration out of the operation of Uniform Rule V(e). When we turn to the arbitration rules, we find only that "[t]he Appeal from Arbitration and Motion to Set for Trial shall serve in place of a Motion to Set and Certificate of Readiness under Rule V(b), Uniform Rules of Practice." Rule 7(a), Unif. R.P. Arb. Thus, while Uniform Rule V(*b*) is addressed and affected, Uniform Rule V(*e*)is not.

¶ 14   Instead, the arbitration rules are built around the idea that arbitrable cases will take less, not more, time than other civil actions. Rule 4(a), Uniform Rules of Procedure for Arbitration, requires the arbitrator to set the hearing within 120 days of his or her appointment. While Rule 4(a) allows the arbitrator to extend the time for arbitration for good cause, the arbitrator and the parties must be mindful of the outside limit imposed by Uniform Rule V(e). Indeed, under Rule 5(b), Uniform Rules of Procedure for Arbitration, if the arbitrator does not file an

award within 120 days of his appointment, the clerk or court administrator "shall refer the case to the judge to whom the case has been assigned for appropriate action." This allows the trial judge to determine whether the arbitrator is performing his or her duties and not slowing the process down. If there is good cause to go beyond the 120 days, the judge to whom the case has been assigned can consider that fact in establishing a scheduling order under Uniform Rule V(e), and Rule 16, Ariz. R. Civ. P.

¶ 15  It is true that Rule 3, Uniform Rules of Procedure for Arbitration, provides that once a case is assigned to arbitration, "the arbitrator shall make all legal rulings, including rulings on motions." From this, Martinez argues that the arbitrator has the power to extend Uniform Rule V(e) deadlines. But Rule 3, Uniform Rules of Procedure for Arbitration, also provides that "[i]n the event that an appeal is taken from an arbitration award, any legal rulings made by the arbitrator shall not be binding on the Court or the parties." Read together, we believe this means that the arbitrator's authority to make legal rulings extends only to those matters in aid of arbitration. And while that power extends to both substantive and procedural matters, it does not go so far as to empower the arbitrator to extend Uniform Rule V(e) deadlines or to interfere with the trial judge's authority to control all civil actions assigned to him or her under Uniform Rule V(e). We think this is the reasonable inference to be drawn from Rule 5(b), Uniform Rules of Procedure for Arbitration. We hold that cases subject to mandatory arbitration are subject to the time constraints imposed by Uniform Rule V(e).

¶ 16  This case is a good illustration of why this must be so. The arbitrator here ignored the rules and let this case languish far beyond the 120 days the rule anticipates. The system is based on the assumption that the parties must have an incentive to move the case along. Although the court administrator was painfully slow to act, when the matter finally got to the attention of the judge to whom the case was assigned, he was justifiably astonished and acted diligently to correct things under Rule 5(b), Uniform Rules of Procedure for Arbitration and Uniform Rule V(e), Uniform Rules of Practice.

### III.

¶ 17  Because the court of appeals ruled that Uniform Rule V(e) did not apply to cases in arbitration, it did not reach Martinez' other arguments in favor of relief. We vacate the opinion of the court of appeals and remand the case to the court of appeals for consideration of Martinez' remaining arguments.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, RUTH V. McGREGOR, Justice.