NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BERNADETTE ANN ALVARADO, *Petitioner/Appellee*,

*v.*

CHARLES SAMUEL ALVARADO, *Respondent/Appellant*.

No. 1 CA-CV 15-0536 FC
FILED 8-4-2016

Appeal from the Superior Court in Yuma County
No. S1400DO200601168
The Honorable Maria Elena Cruz, Judge

**JUDGMENT VACATED**

COUNSEL

S. Alan Cook, PC, Phoenix
By S. Alan Cook
*Counsel for Petitioner/Appellee*

Mary Katherine Boyte, PC, Yuma
By Mary K. Boyte Henderson
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Randall M. Howe joined.

---

J O H N S E N, Judge:

¶1          Charles Samuel Alvarado ("Father") appeals the superior court's order regarding parenting time, child support and legal decision-making authority.  For the following reasons, we vacate the order.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Father and Bernadette Ann Alvarado ("Mother") were divorced in 2008.  Pursuant to the decree and the parenting plan it incorporated, the parties were awarded joint legal custody of their children, with Mother designated as the primary residential parent vested with final decision-making authority.  Father was awarded designated parenting time and ordered to pay $782 per month in child support.

¶3          In 2013, Father filed a petition to modify, seeking "joint legal decision making authority" and changes to parenting time and child support.  Following a three-day hearing, the superior court made findings on the record on parenting time and ordered Father to pay $208 per month in child support, effective May 1, 2014.  On the record, the court denied Father's request for joint legal decision-making authority, finding "not enough consensus" between the parties, and ordered that Mother have "final legal decision making authority."

¶4          Father submitted a form of order that recited that the parties were to "share the joint legal decision making authority regarding the minor children."  Mother objected, arguing the proposed order was contrary to both the parenting plan and the court's ruling that she would have final decision-making authority.  Father replied and attached a "corrected" form of order, which provided:

> IT IS THEREFORE ORDERED that the parties shall hereafter share the joint legal decision making authority regarding the minor children . . . pursuant to the provisions of the Parenting Time Plan dated December 19, 2006 and attached to the Decree of Dissolution of Marriage filed March

2

13, 2008 (hereafter "the Parenting Plan") as amended by the provisions of this Order. The parties shall consult together in good faith as to any major decisions regarding the minor children and attempt to reach agreement. In the event the parties are unable to agree after such good faith consideration and attempts to agree, Petitioner/Mother shall have the right to make a final decision to resolve the dispute.

The superior court signed the "corrected" order on May 20, 2014, and the clerk filed it on May 21, 2014 (the "May 2014 Order").

¶5 On June 20, 2014, Mother filed a motion seeking a new trial pursuant to Arizona Rule of Family Law Procedure ("Rule") 83; or, in the alternative, reconsideration under (now-former) Rule 35(D).[1] Mother argued that the court erred in admitting a recording of a conversation between her and one of the children as rebuttal evidence and allowing Father to offer evidence of contemporaneous events but denying her the same opportunity. She asserted that the hearing was "unfair" and the result "was very unsatisfactory." She asked the court to "open the judgment, take additional testimony, and direct the entry of a new judgment" to reflect "what is actually happening" with regard to parenting time.

¶6 The superior court ruled it would treat Mother's motion as a motion for reconsideration and ordered Father to file a response.[2] The court

---

[1] As of January 1, 2015, current Rule 84 (motion for reconsideration or clarification) replaced former Rule 35(D).

[2] At the time, Rule 35(D) provided:

A party seeking reconsideration of a ruling of the court may file a motion for reconsideration. All motions for reconsideration, however titled, shall be submitted without oral argument and without response or reply unless the court otherwise directs. No motion for reconsideration shall be granted, however, without the court providing an opportunity for response. A motion authorized by this rule may not be employed as a substitute for a motion pursuant to Rule 82(B), 83 or 85(C) and shall not operate to extend the time within which a notice of appeal must be filed. A motion for reconsideration shall be filed not later than thirty (30) days after the date of filing of the ruling sought to be reconsidered.

then denied the motion as to the recording but granted it "as to the request for leave to introduce further evidence of events occurring contemporaneously with the trial and currently." The court set an evidentiary hearing for April 7, 2015, on parenting time and child support. After the hearing, the court issued a minute entry order making parenting time adjustments and ordering Father to pay $1,130 per month in child support, effective May 21, 2014.

¶7        Father moved to vacate and set aside the April 7 order, *see* Rule 85(C)(1)(d), contending the court lacked subject matter jurisdiction under former Rule 35(D) to modify the May 2014 Order. In a written response, Mother argued to the contrary; she also argued she "could have" moved to open the May 2014 Order pursuant to Rule 85(C)(1)(b) or (f) to present evidence that Father "was not and has not been parenting with the minor children as he was credited in the guideline calculation."

¶8        The superior court denied Father's motion, concluding it had authority under former Rule 35(D) or current Rule 84(A)(1) to reconsider parenting time and child support. In a footnote, the court added it also relied on Rule 85(C)(1)(f), finding "that 78 days credit more accurately reflects the parenting time [Father] was spending with the two minor children."

¶9        The court issued a separate signed order reducing Father's parenting time to 78 days a year and increasing his child support to $1,130 a month (the "June 2015 Order"), stating that "the instant order supersedes this Court's May 21, 2014 orders." The court also awarded Mother sole legal decision-making authority regarding the minor children, stating:

> This legal decision-making authority decision is not a modification from this Court's May 21, 2014 order. Rather, according to the orders entered on the record on May 1, 2014, this Court's intention was [that] Mother hold the sole legal decision-making authority.

Father timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2) (2016).[3]

---

3        Absent material revision after the relevant date, we cite a statute's current version.

## DISCUSSION

¶10        Father argues the superior court lacked jurisdiction to enter the June 2015 Order. We review this issue as a matter of law. *Danielson v. Evans,* 201 Ariz. 401, 411, ¶ 36 (App. 2001). We review *de novo* the superior court's conclusions of law and interpretation of procedural rules. *Felipe v. Theme Tech Corp.,* 235 Ariz. 520, 524, ¶ 10 (App. 2014); *Alley v. Stevens,* 209 Ariz. 426, 428, ¶ 6 (App. 2004); *see also Duckstein v. Wolf,* 230 Ariz. 227, 231, ¶ 8 (App. 2012) ("We review challenges to the trial court's subject matter jurisdiction and questions involving the application and interpretation of court rules *de novo.*").

### A.        Rule 83 Motion for New Trial.

¶11        The May 2014 Order was a final, appealable order that resolved all outstanding issues related to Father's petition. *See* A.R.S. § 12-2101(A)(2); *Williams v. Williams,* 228 Ariz. 160, 165-67, ¶¶ 19-29 (App. 2011) (order appealed from must resolve all issues in subject petition even though total finality in post-decree context is not required); *In re Marriage of Dorman,* 198 Ariz. 298, 300-01, ¶ 4 (App. 2000) (order resolving petition to modify dissolution decree was appealable as a special order after final judgment).

¶12        There is no dispute that Mother's motion for new trial from the May 2014 Order was untimely. *See* Rule 83(D)(1) ("A motion for new trial shall be filed not later than fifteen (15) days after entry of the judgment."). Mother's stated reasons for the untimely filing miss the point; the time limit for filing a motion for new trial is a strict one, and it "may not be enlarged." *Welch v. McClure,* 123 Ariz. 161, 164 (1979) (interpreting Ariz. R. Civ. P. 59(d)); *see also Jaynes v. McConnell,* 238 Ariz. 211, 214, ¶¶ 8-9 (App. 2015) (same). [4]  Accordingly, the superior court lacked jurisdiction to consider the motion for new trial. *Cf. Egan-Ryan Mech. Co. v. Cardon Meadows Dev. Corp.,* 169 Ariz. 161, 166 (App. 1990) (court lacks jurisdiction over untimely motion filed under Arizona Rule of Civil Procedure 59(l)).

---

[4]        The family law rules replaced the Arizona Rules of Civil Procedure in family cases pending as of January 1, 2006, except where the civil rules are expressly incorporated. Ariz. R. Fam. Law P. 1, 2(A); *Kline v. Kline,* 221 Ariz. 564, 568-69, ¶ 13 (App. 2009). "Where the language of the family law rules is substantially the same as the language of other statewide rules, case law interpreting that language is applicable." *Kline,* 221 Ariz. at 568-69, ¶ 13.

**B.      Rule 35(D) Motion for Reconsideration.**

**¶13**      Rule 35(D), the other rule Mother cited in her post-judgment motion, expressly prohibits use of a motion for reconsideration as a substitute for a motion pursuant to Rule 83 or 85(C).  *See supra* n.2. Accordingly, the superior court lacked the power to vacate or modify the May 2014 Order based on a motion for reconsideration.

**C.      Rule 85(C) Motion for Relief from Judgment.**

**¶14**      Although Mother did not request relief under Rule 85(C), the superior court cited Rule 85(C)(1)(f) as additional support for its June 2015 Order.[5]  "[I]n proper circumstances an untimely motion for new trial [can] be treated as a motion for relief from judgment." *See Welch,* 123 Ariz. at 164. But the superior court may treat such a motion as a motion for relief for judgment only if the motion sets forth a basis recognized by Rule 85(C) for setting aside a judgment.  *See id.*  We review this ruling for an abuse of discretion.  *Maher v. Urman*, 211 Ariz. 543, 550, ¶ 21 (App. 2005).  "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion[.]"  *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012) (quoting *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007)).

**¶15**      Relief is available under Rule 85(C)(1)(f) only when "the movant can show extraordinary hardship or injustice for a reason other than the five specified in [subsections (a)-(e)]." *Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014); *see also Webb v. Erickson,* 134 Ariz. 182, 186 (1982) ("Clause 6 [of Rule 60(c)] and the first five clauses are mutually exclusive."); *but see Amanti Elec., Inc. v. Engineered Structures, Inc.*, 229 Ariz. 430, 433, ¶ 10 (App. 2012) ("[E]ven when relief might have been available under one of the first five clauses but for the fact that the time limits of the rule had elapsed, this does not necessarily preclude relief under clause (6) if the motion also raises exceptional additional circumstances that convince the court the movant should be granted relief in the interest of justice.").

**¶16**      The grounds Mother offered as the basis for her motion for reconsideration or for new trial are insufficient to support a motion for relief from judgment pursuant to Rule 85(C).  She argued in that motion that the court erred by admitting evidence of a recording and failing to allow her to offer other evidence to rebut text messages she contended the court should not have admitted.  Arizona law is clear, though, that Rule 85(C) "is not a

---

[5]      Rule 85(C)(1) is "substantively identical" to Arizona Rule of Civil Procedure 60(c).  *Cohen v. Frey*, 215 Ariz. 62, 64, ¶ 1, n.1 (App. 2007).

device for weighing evidence or reviewing legal errors." *Welch,* 123 Ariz. at 165; *see also Hyman v. Arden-Mayfair, Inc.,* 150 Ariz. 444, 446 (App. 1986) ("Rule 60(c) does not encompass situations, other than void judgments, where a party merely asks the court to reconsider a previous legal ruling."). To the extent Mother believed the superior court's evidentiary rulings were in error, her proper course was to move for new trial or file a notice of appeal within the time frames specified by the rules. *See* Rule 83(D); ARCAP 9.[6]

**¶17**     Accordingly, we conclude the superior court erred in modifying or vacating the May 2014 Order based on Rule 85(C)(1)(f).

## CONCLUSION

**¶18**     Because the superior court lacked jurisdiction to modify the May 2014 Order, we vacate the court's June 2015 Order. We express no opinion about whether, on remand, Father may be entitled to reimbursement or credit for any amounts he paid in child support pursuant to the June 2015 Order that are in excess of the calculated support obligation properly commensurate with the parenting time he actually exercised since June 2015.

---

[6]     Accordingly, we deny Mother's motion filed pursuant to ARCAP 9.1 to suspend this appeal and remand to the superior court to allow her to ask that court to consider her June 20, 2014, motion as a motion pursuant to Rule 85(C)(1)(c) or (f).

**¶19**        Both parties request an award of attorney's fees on appeal – Father pursuant to A.R.S. § 25-503(E) (2016) and/or § 25-324 (2016), *see Clark v. Clark,* 239 Ariz. 281, 282-83, ¶¶ 8-10 (App. 2016), and Mother pursuant to § 25-324.  After considering the statutory criteria, we decline to award fees to either party.  As the prevailing party, Father is entitled to an award of his taxable costs on appeal, upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: AA